## HODGES V. BIERLEIN.

1. An application for a new trial, upon the ground of the insufficiency of the evidence to support the verdict, is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion.

2. A stronger case must be made to justify the interposition of the appellate court where a new trial has been granted than where it has been refused.

(Syllabus by the Court. Opinion filed October 18, 1893.)

Appeal from circuit court, Marshall county. Hon. A. W. CAMPBELL, Judge.

Action by Andrew J. Hodges, doing business under the name and style of A. J. Hodges & Co., against John P. Bierlein. There was a verdict for defendant, and from an order granting a new trial he appeals. Affirmed.

*A. Sherin, (A. B. Melville of counsel)* for appellants.

*J. H. McCoy,* for respondents.

KELLAM, J. This case was tried before a jury, who rendered a verdict for the defendant, appellant here. Upon a statement of the case, the plaintiff moved the trial court to set aside the verdict, and for a new trial. One of the grounds of the motion was the insufficiency of the evidence to justify the verdict.

The motion was granted, and from this order the defendant appeals. The abstract states that the particulars as to which it was claimed the evidence was insufficient to support the verdict are definitely specified in the statement upon which the motion for the new trial was made, but they are not preserved in the record presented to us, and we have no way of knowing upon what particular ground the new trial was allowed. The action was brought to recover an installment claimed to be due on an order and contract for a header. The machine was delivered to the defendant on the 5th day of August, 1889, and set to work by the defendant the next day. The cogs on the "bull-wheel" soon commenced cutting away, and defendant notified plaintiff's agent. The plaintiff claimed the defendant had changed the machine, and was running it too tightly geared, but furnished him a new wheel, which defendant said he would and could put on himself. This occurred the week following the delivery of the machine. Defendant testified that "it ran all right the first day I had the second wheel, but it run bad after that." It does not appear, however, that he made any complaint of the running of the machine after putting on the new wheel. He continued to run the header and cut the balance of his harvest —175 acres—after putting on the new wheel, and, on the 9th or 10th of October following, he returned it to plaintiff's agent of whom he received it. The contract between the parties provided, among other things: "Any failure on the part of the machine to work well must be reported to our agent at once, when the difficulty, if any, will be remedied." The agent testified: "At no time after the second wheel was put in did he ever notify me that the machine not work well;" and defendant does not claim that he did. There was evidence tending to show that, in conversation with plaintiff's agent in regard to settlement for the machine, defendant claimed about $60 damages on account of not receiving the machine as soon as he should under the terms of the order, but made no complaint

about the machine not having worked all right. This is a general outline of the evidence upon which the jury found a verdict for the defendant.

An application for a new trial, upon the ground of the insufficiency of the evidence to support the verdict, is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion. This rule is too well established to need supporting authority. Stewart v. Town of Dunlap, (Iowa,) 16 N. W. Rep. 112, was an appeal from an order granting a new trial, and the court said; "While it is probable that the evidence sufficiently supported the verdict, yet the district court, in the exercise of a sound discretion, was required to determine that question. Such determination will not be disturbed, in the absence of a showing that the court abused its discretion in granting a new trial, No such showing is made in this case. In view of the facts that the district court was more fully and accurately advised upon the evidence than it is possible for us to be, and that circumstances connected with the case, as the appearance of the plaintiff and of the witnesses of the parties, and their deportment, were within the observation of the district judge, and cannot be known to us, it is impossible for us to say that the new trial was not granted in the intelligent and just exercise of the discretion lodged in the trial court by the law." Without multiplying authorities, it may be said that this is the general, if not universal rule, and it may be supplemented with the further suggestion that a stronger case must be made to justify the interposition of the appellate court when a new trial has been granted than when it has been refused. Piano Forte Co. v. Meuller, 38 Iowa, 554, and cases cited. In Elliott's Appellate Procedure (p. 518) the rule is thus strongly stated: "Where a new trial is granted, the almost universal rule is that the appellate tribunal will not review the discretiary power exercised in granting it." In sustaining the action of the trial court in allowing a new trial, it

is not necessary for us to express the opinion that the verdict of the jury was clearly and palpably wrong. We only say that, upon the record before us, we discover no abuse of the discretionary power of the trial judge, which, under the settled rules of appellate procedure, would justify us in reviewing and reversing his decision. The order appealed from is affirmed. All the judges concur.