## ALT v. CHICAGO & NORTHWESTERN RAILWAY CO.

1. To the instructions of the court the plaintiff took the following exception: "Plaintiff excepts to all of the charges and to the special request asked by defendant for the reason that they are liable to mislead the jury, and for the reason that the jury in its verdict would pass upon these questions." *Held*, that plaintiff was not entitled to have any question regarding the instructions considered by the trial court on a motion for a new trial, for the reason that the exceptions taken were too general to be available on appeal to this court.

2. Plaintiff's counsel specified, in his motion for a new trial "that the verdict is contrary to the law and the facts, in that the negligence of the defendant was the proximate cause of the injury to the plaintiff, and that there is no evidence in the case that shows that the plaintiff was guilty of any negligence whatever." *Held*, to sufficiently conform to the requirements of our statute in that regard.

3. To judicially determine a question of negligence both a court and a jury are required. While the jury is the judge of the facts viewed in the light of the law, as a rule no verdict should stand when, in the sound judgment of the trial court, it operates as a wrong between the parties which might be remedied upon a retrial.

4. The question to be determined by this court, where the refusal of a trial court to direct a verdict is raised on appeal, is whether such court was justified, in the exercise of its best judgment and sound discretion, in concluding that different fair-minded men might reasonably arrive at different conclusions from a careful consideration of all the facts and circumstances in evidence at the time the case was submitted to the jury.

5. An application for a new trial upon the ground of the insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion; and a stronger case must be made to justify the interposition of an appellate court when a new trial has been granted than when it has been refused.

CORSON, P. J., dissenting.

(Syllabus by the Court. Opinion filed Feb. 21, 1894.)

Appeal from circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Action for personal injuries by Adelbert Alt against the Chicago & Northwestern Railway company. There was a ver-

dict for defendant, and from an order granting a new trial it appeals.  Affirmed.

*Sterling & Keep (A. W. Burtt of counsel)*, for appellant.

To raise the objection to a verdict that the evidence is insufficient to justify it, the party raising the objection must specify the particulars in which the evidence is insufficient. The respondent having failed both in his notice of intention to move for a new trial and in his motion for a new trial to specify the particulars in which the evidence is alleged to be insufficient, the objection will not be considered.  Caulfield v. Bogle, 2 Dak. 464; Henry v. Dean, 6 Dak. 78.

It is not error to refuse an instruction containing a correct abstract proposition of law, but not applicable to the issues involved.  Haine on New Trial and Appeal, 227; Johnson v. Jones, 26 Pa. 54.  A refusal to give an instruction which has already been given in substance is not a reversible error.  Railroad Co. v. Wolfe, 27 N. E. 78.  The only exception taken to the instructions of the court was that "Plaintiff excepts to all of the charges and to the special request asked by the defendant for the reason that they are liable to mislead the jury, and for the reason that the jury in its verdict would pass upon these ques tions."  This exception is not sufficient to be of any avail to the respondent, in that it is too general.  Haine on New Trial and Appeal, § 128; Block v. Darling, 140 U. S. 234; State v. Howe, 12 S. E. 569; Smith v. Coleman, 46 N. W. 664; Carrol v. Williston, 46 N. W. 352; Everett v. Williamson, 12 S. E. 187; Myer v. Moon, 26 P. 40; Kirby v. Stete, 8 S. 110; Gillespie v. Hagins, 27 Cal. 34.

It is immaterial whether the court erred in its ir structions to the jury, in as much as a verdict should have been directed for appellant, on its motion made at the close of respondents' evidence, and again at the close of the evidence.  Where plaintiff fails to make out a cause of action, error in the instructions affords no grounds for reversal.  Johnson v. Chicago, 44 Ill. 266; Hosmer v. Fuller, 24 Ill, 488; Hart v. Peters, 13 N. W. 219;

Randall v. N. W. Tel. Co., 11 N. W. 419; Harrison v. Kiser, 4
S. E. 432; Longoff v. Railroad Co., 23 Wis. 43; Spaulding v.
Railroad Co., 33 Wis. 582; Star Wagon Co. v. Matherson, 3 Dak.
233; Finney v. Railroad Co., 3 Dak. 270; Chaffey v. Railroad
Co., 104 Mass. 108; Pierce on Railroads, 315; Abbott v. Railroad
Co., 16 N. H. 266; Pete v. Fire & Marine Ins. Co., 47 N. W.
532.   The evidence failing to show any  negligence on the part
of the defendant, the court should have directed the jury to
return a verdict in its favor.     Persons   who   voluntarily
assume   risks   and   expose   themselves   to   bodily   injury
must bear   the   consequences.     Railroad   Co.   v.   Huston,
95   U.   S.   542;   Patten   v.   Philadelphia   Traction   Co.,
20 At. 682.   Where a case appears upon the record to have
been fairly tried upon its merits, resulting in a right verdict, it
will not be reversed upon appeal on account of intermediate
error.   Deberger v. Harrington, 28 Mo. 632; State v. Ruhlman,
11 N. E. 793; Mann v. Welton, 32 N. W. 589; Bothwell v. Milli-
ken, 3 N. E. 816; Railroad Co. v. Barnes, 18 N. E. 459; Le-
vitzky v. Mining Co., 33 Cal. 299; Hebard v. Mining Co., 33
Cal. 230.

*Van Buskirk & Weeden (C. X. Seward of counsel)*, for re-
spondent.

The power to set aside a verdict and grant a new trial is to
be exercised in the sound discretion of the trial court, and the
supreme court will not interfere with the action thereof unless
it clearly appears that there has been an abuse of such discre-
tion.   Atlanta v. Bellamy, 72 Geo. 420; Munden v. Casey, 93
N. C. 97; Baird v. Jenkins, 95 N. C. 123; Wright v. Railroad
Co., 20 Mo. 481; Hurlburt v. Jenkins, 22 Mo. 572; Rogers v.
Wince, 21 N. W. 503; Lytton v. Railroad Co., 28 N. W. 628;
Pico v. Cohn *et al.* 7 Pac. 680; Breckenridge v. Crocker, 9 Pac.
426; Smith v. Board of Education, 27 O. St. 44; Hand v. Dor-
chaster, 43 N. Y. 23; Lockwood v. Atl. Ins. Co., 47 Mo. 55; Al-
derman v. Montcalm Co. Judge, 41 Mich. 550.

Where the evidence is conflicting upon a material point in

the case, it is always in the discretion of the trial court to grant
a new trial.   Downey v. Hellman, 58 Cal. 62; Sperry v. Spauld-
ing 49 Cal. 252; Atzeo v. Kelsey, 13 Kan. 212; Land Co. v. Cun-
ningham, 71 Cal. 221.

It was not error for the trial court to refuse to direct a ver-
dict for the defendant, the evidence  upon the question  of neg-
ligence being conflicting.   Ernst v. Kailroad Co, 39 N. Y. 61;
Thurber v. Railroad Co., 60 N. Y. 326; Railroad Co. v. Miller,
25 Mich. 274; Railroad Co. v. McClurg, 56 Penn. St. 294; Rail-
road Co. v. Rathbeg, 32 O. St. 66.


FULLER, J.   The plaintiff and  respondent herein brought
an action against the defendant and appellant to recover $5,000
damages, which he claims to have sustained  by  reason  of  an
injury caused by the alleged negligence of defendant's servants
in running an engine over one of plaintiff's feet at a time when
he was lawfully upon defendant's  right of way and engaged in
unloading a car of coal.   The defendant denies that the injury
was caused in any manner by  its  negligence, and  denies  that
plaintiff was damaged in the sum of  5,000, or in any other sum
whatever, and that the injury, if any, was caused by the negli-
gence of plaintiff.   There was a trial to a jury, and  a  verdict
for defendant.   From an order sustaining a motion to set aside
the verdict and grant a new trial, defendant appeals.

The substance of some of the grounds specified in plaintiff's
motion for a new trial is that the court erred in refusing to give
certain instructions offered on behalf of plaintiff, and in giving
certain instructions upon its own motion; and, further, that
the verdict is not supported by the law and facts,  in  that  the
negligence of the defendant was  the proximate cause of the in-
jury to plaintiff, and that there is no evidence in the case show-
ing  that  the  plaintiff was guilty of any negligence whatever.
The order of court from which this appeal was  taken does not
specify the grounds upon which the same is based, and  it will
therefore be necessary to examine the record  sufficiently to as-

certain if there are any grounds which justify the action of the trial court, in the exercise of a judicial discretion, in setting aside the verdict and granting a new trial.   It is urged by counsel for appellant that respondent's counsel neither excepted to the refusal of the court to give the instructions offered on behalf of the plaintiff, nor to the giving of certain other instructions embraced in the court's charge to the jury, and that such alleged errors on the part of the court are, therefore, unavailable and should not be considered on a motion for a new trial. At the conclusion of the court's charge to the jury plaintiff's counsel took the following exception:   ''Plaintiff excepts to all the charges, and to the special requests asked by defendant, for the reason that they are liable to mislead the jury, and for the reason that the jury in its verdict would pass upon these questions.''   We are disposed to believe that counsel for plaintiff were not entitled to have any question regarding the instructions considered by the trial court, because the exceptions taken were too general to be available on appeal to this court, and we therefore entertain the presumption that the order complained of was not granted because the instructions were erroneous.   Hayne New Trial and App. § 128; 2 Thomp. Trials, 2398;  Elliott, App. Proc. 791;  Smith v. Colman, (Wis.) 46 N. W. 664; Carroll v. Williston, (Minn.) Id. 352.

Plaintiff's counsel specify, in the motion for a new trial, ''that the verdict is contrary to the law and the facts, in that the negligence of the defendant was the proximate cause of the injury to the plaintiff, and that there is no evidence in the case that shows that the plaintiff was guilty of any negligence whatever.''   The above statement sufficiently designates the statutory ground to preserve plaintiff's rights in that particular and entitle him to have the subject therein specified examined by the trial court on the motion for a new trial.   Comp. Laws, § 5090; 2 Thomp. Trials, 2755; Elliott, App. Proc. 854.

Appellant urges that plaintiff failed to make out a case, and that there were no facts to be submitted to a jury, and that

it was immaterial whether the court erred in its instruction, inasmuch as a verdict should have been directed for defendant on its motion, made at the time plaintiff rested his case, and renewed after both parties had concluded their evidence. We fully agree with the learned counsel upon that proposition, provided the premises are tenable, and v e realize that it presents a most difficult question, to-wit: Was the trial court, in the exercise of its best judgment and sound discretion, justified in concluding that different fair-minded men might reasonably arrive at different conclusions from a careful consideration of all the facts and circumstances in evidence at the time the case was submitted to the jury? The plaintiff testified in effect, that on the day the injury occurred he was assisting W. R. Shields in unloading a car of coal which was on the sidetrack at Henry; that the loaded wagon, to which no team was attached, stood parallel with the side of the car, and had upon it about $3,000 pounds of coal; that, while he was loading coal from the car into the wagon, a freight train came into the station, and the conductor told him that they would have to move the wagon, as they were going to do some switching; that the witness and Mr. Shields attempted to move the wagon, but were unable to do so, and Mr. Shields then went for help, but, failing in that particular, returned, and another ineffectual effort was made while the engine was backing down and within 8 or 10 feet of the car which was being unloaded and about 20 feet from the plaintiff, who had hold of the end of the wagon tongue and was trying to turn the tongue parallel with the track, so that the back of the wheel, which was inside the rail, would allow the engine to pass; that there was no obstructions between himself and the engineer, who was leaning out of the cab window, and who remarked, as he backed down to the car, that he would take a wheel off that wagon all right enough, and almost instantly the step of the engine struck the wheel and threw the tongue of the wagon toward the engine with sufficient force to throw plaintiff

upon his right knee, so that the wagon tongue caught his left leg and threw him under the engine, and one of the drivers passed over his foot and caused the injury of which he complains. The above testimony is fully corroborated by the witness, Shields, who further testified that the engineer stated, at the time time the wheel was struck, that he expected that somebody would get hurt. The engineer testified, in effect, that he backed in on the side track, and that there were no obstructions to prevent him from seeing from the time he left the main track until he came to the car which was being unloaded; that when he backed up he could see that coal was being thrown from the car into the wagon, but did not see any one at the car or the wagon until he came within 15 or 20 feet of the car, when Mr. Alt, the plaintiff, put his head out of the car door and asked if the wagon would clear, and the witness answered that it would just clear, but if he continued to place his wagon so close to the track he would get a wheel taken off sometime; that plaintiff then got out of the car and went to the side of the wagon, and witness saw no more of him until after the step on the engine struck the wheel, when he saw plaintiff lying on the track under the engine; that he was looking out of the window, and was satisfied that the steps would have cleared the wheel by three or four inches if it had not been moved; and he also testified that he did not say that he would take a wheel off the wagon, or words to that effect. The fireman testified that he heard the engineer say that the wheel would clear.. The conductor testified that he did not tell Mr. Shields and the plaintiff to move the wagon, as he supposed they knew enough to do that themselves. He simply told them to get out of the way, as they were coming in after some cars. In this particular he is corroborated by two other witnesses. Defendant offered in evidence the following exhibit, which was admitted without objection: "Henry, Dak., Station, Oct. 27, 1887. R. C. Richards, Esq., G. C. A., Chicago, Ill.—Dear Sir: The following is a correct statement of how Mr. A. D. Alt was injured by the

train, No. 38, Hinman conductor, on Oct. 20th, 1887: Mr. Alt was assisting Mr. Shields to unload a car of coal into wagons when the train came in. Condr. Hinman told the men who were unloading the car of coal to get out of the way, as engine was going in after some cars. Hinman then came into the office. Engine backed in, coupled onto car coal, and, as engine was slowly backing up, they could see the engine would not clear the wagon. So Mr. Alt. took hold of the end of the tongue to cramp the wagon. The step of the engine struck the hub of the wagon, and end of tongue struck Mr. Alt's legs, throwing him onto his right knee and his foot under the driver, crushing the end of his foot badly. His big toe has been amputated, and at present he is doing well. W. R. Shields was the only eye witness to this accident. At my request Mr. Alt signed this report as being a correct statement of the accident. Respectfully, J. A. Parrott, Agent. [Signed] A. D. Alt."

While it appears to us that the verdict is sustained by a preponderance of the evidence, and that a direction of a verdict in favor of the defendant at the close of the plaintiff's testimony would not have been disturbed on appeal, yet the fact remains that we cannot place ourselves in the position of the judge before whom the case was tried and observe the incidents of the trial, including the demeanor of the witnesses on the stand. It requires a court as well as a jury to try causes of this nature, and, while the jury is the judge of the facts viewed in the light of the law, as a rule no verdict should stand when, in the sound judgment of the trial court, it operates as a wrong between the parties which might be remedied upon a retrial. As remarked by Mr. Justice KELLAM in Hodges v. Bierlein, (S. D.) 56 N. W. 811: "An application for a new trial upon the ground of the insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion. The rule is too well established to need supporting authorities.   *   *   *   It may be said that

this is the general, if not the universal, rule and it may be supplemented with the suggestion that a stronger case must be made to justify the interposition of an appellate court when a new trial has been granted than when it has been refused." A charge of negligence tenders a question of fact, and we cannot, under the circumstances, say that the proof in this case is so certain and uncontrovertible that the judge · should have decided it, as a question of law, by directing a verdict for the defendant, and that, by declining so to do, and by granting a new trial, he abused his judicial discretion. The order from which the appeal is taken is therefore affirmed.

CORSON, P. J. *(dissenting.)* I am unable to concur in the conclusions reached by a majority of the court, and I shall therefore very briefly state my reasons for dissenting. I fully agree with my associates as to the principles governing appellate courts in reviewing orders of the trial courts granting new trials, enunciated in the opinion, but I do not think those principals apply to this case. It seems to me that the facts of this case bring it within the exception to the general rule, namely, that when it clearly appears that the trial court has improperly exercised its discretion in granting a new trial, or, in other words, has abused its discretion, the appellate court will review and reverse the order. Assuming the evidence of the plaintiff to be undisputed, and giving to it the most favorable construction for the plaintiff that it will properly bear, and giving to the plaintiff the benefit of all reasonable inferences arising from it, the motion to direct a verdict for the defendant at the close of the plaintiff's evidence should, in my opinion, have been granted, as it clearly appeared from such evidence that the injury to the plaintiff was caused, in a material part at least, by his own negligence and want of ordinary care, constituting such contributory negligence as would prevent the plaintiff from recovering in this action, as a matter of law. I add a few paragraphs from the plaintiff's cross examination, as

they so fully show the nature of the transaction. He says: "When I picked up the tongue the last time the engine was just a few feet from the wagon. I thought it would strike the front wheel. I saw the engine backing down there, but I still retained hold of the tonge. I did not let go, because I was trying to straighten it. After I saw the engine would strike the wagon, I did not let go, because I didn't have time. I can't say how many seconds I had hold of the tongue before the engine struck the wheel."

We have therefore clearly before us the fact that, when the engine was only a few feet from the wagon, and about, as the plaintiff thought, to strike the front wheel, that would almost necessarily throw the tongue around, he seized hold of the tongue of the wagon and attempted to move it around, so as to get the wheel out of the way of the engine, if he could do so while the engine passed over a few feet of track. In making this effort he was unsuccessful, and was injured. It is not shown that the engineer saw him pick up the tongue or knew that he was in danger. The act of the plaintiff was not necessary to protect his person, as he was safe from injury. Shields, the owner of the wagon, was at a safe distance from the engine and had not requested the plaintiff, so far as the evidence discloses, to incur any such risk, and the defendant had not, directly or indirectly, requested him to assume any such risk. Grant, therefore, that the defendant was guilty of negligence in backing down against the wagon, it was not negligence as to the plaintiff. No act of the defendant was endangering him in any way, or the person of his employer, Shields. But it is contended that the plaintiff was engaged in carrying out the instructions of the conductor, and was, therefore, justified in assuming the risk in obediance to his orders. But I do not think any such construction can be placed upon the conductor's orders. The plaintiff was not required to encounter any unnecessary peril or hazard in moving the wagon. The notice or order of the conductor was given when the train first arrived at the

station, some considerable time before the accident, and was a
proper one to give. He simply notified the plaintiff and Shields
that he would do some switching on that side track, and to get
their wagon out of the way. He then left and was not seen
again by the plaintiff until after the accident. The conductor
did not authorize the plaintiff or Shields to attempt the removal
of the wagon at the risk of injury to themselves, or at the risk
of the defendant. The plaintiff, therefore, with full knowledge
that the engine was about to strike the front wheel of the wag-
on, attempted to do a most dangerous act, which resulted in his
injury. He voluntarily and needlessly encountered the peril,
and should, in my opinion, be held to have assumed the risk.
The defendant's evidence in no way tended to strengthen the
plaintiff's case, but tended very strongly to prove that the de-
fendant was not guilty of any negligence whatever,—tended
very strongly to prove that the accident was due entirely to the
fault and negligence of the plaintiff in picking up the wagon
tongue at the time he did, and that, had he not dore so, the en-
gine would have passed the wagon without touching it, and
that, by the act of the plaintiff in attempting to move the wag-
on, he brought the wheel in a position to be struck by the en-
gine. It is true that there was conflicting evidence as to the
negligence of the defendant, proper to be submitted to a jury;
and I refer to it simply to show that there was no evidence
tending to change the case of the plaintiff as to his contributory
negligence, which would have justified the court in granting a
new trial. But as to the contributory negligence of the plain-
tiff there was no conflict in the evidence. That was clearly estab-
lished by the plaintiff's own evidence, and that of his witness,
Shields. There was, therefore, nothing in my opinion, to sub-
mit to the jury. If I am correct in this view of the case, the
court improperly exercised its judicial discretion in granting a
new trial; and it so clearly appears that the order granting the
new trial was such an abuse of the court's judicial discretion
that it should, in my opinion, be reversed.