## GRANT v. GRANT.

1. A motion for a new trial upon questions of fact is addressed to the sound discretion of the trial court, and the decision of such court in granting or refusing the same will not be disturbed by the appellate tribunal unless it appears affirmatively from the record that there has been an abuse of such discretion.

2. A clearer case is required to authorize the reversal of an order granting a motion for a new trial than is required to reverse an order overruling such motion.

3. This action having been instituted while section 2578, Comp. Laws, was in force, which provided that, "a divorce must not be granted unless the plaintiff has, in good faith, been a resident of the territory ninety days next preceding the commencement of the action," the plaintiff, in order to maintain his action, was required to show a substantial compliance with the provisions of the statute; that is, that he had resided in the state for the period of 90 days next preceding the commencement of the action, and that such residence was in good faith. A new trial, therefore, granted by the trial court upon affidavits of newly-discovered evidence tending to prove that the alleged residence of plaintiff in this state was not in good faith, will not be disturbed by this court.

(Syllabus by the Court.  Opinion filed Nov. 2, 1894.)

Appeal from circuit court, Brookings county.  Hon. J. O. ANDREWS, Judge.

Action for a divorce upon the ground of desertion.  The case was tried by the court and judgment was rendered for plaintiff.  From an order granting a new trial, plaintiff appeals.  Affirmed.

The facts are stated in the opinion.

*Geo. N. Baxter,* for appellant.

Fraud is to be proved and not presumed.    Shultz v. Hoagland, 85 N. Y. 467; 2 Rice Evidence 971.    The place of legal residence is very largely a matter of intention.  Albee v. Albee, 31 N. E. 158.

*H. S. Gipson,* for respondent.

Upon an appeal a respondent is not confined to the grounds upon which the decision below was based, but may show in sup-

port any of the grounds set forth in the notice of intention to move for a new trial, repeated in the notice of motion therefor. Sunar v. Canady, 53 N. Y. 298; Bolton v. Stewart, 29 Cal. 615; Grant v. Moore, 29 Id. 644; Coyhill v. Marks, 29 Id. 674; Allard v. Greasert, 61 N. Y. 4; People v. Witherbee, 70 N. Y. 228; 3 Estes Pl. & P. 461; Pennsylvania v. Keane, 143 Ill. 172; Wilson v. Railroad, 94 Mich. 20; Bunday v. Dunbar, 5 Minn. 444; Lumnerman v. Land, 7 Minn. 421; Willard v. Shillock, 23 Minn. 227; Ormsby v. Barr, 22 Mich. 80; Davie v. Packard 6 Peters, 41.

When a plaintiff in a divorce proceeding had not secured a *bona fide* residence at the time the proceeding was commenced the court obtained no jurisdiction, and a decree therein is void and can be attacked directly or collaterally. Shannon v. Shannon, 4 Allen, 134; Sewall v. Sewall, 122 Mass. 156; State v. Armington, 25 Minn. 29; The People v. Dewell, 25 Mich. 247; Reed v. Reed. 52 Mich. 117; Way v. Way, 64 Ill. 406; 5 Ency. Law 758; Beach v. Beach, 6 Dak. 371; Smith v. Smith, 28 N. W. 296. The court has power to vacate its own judgments. Edson v. Edson, 108 Mass. 590; Carlisle v. Carlisle, 96 Mich. 128; Heiffner v. Gunz, 29 Minn. 108; 12 Ency. Law 306; Dutcher v. Dutcher, 39 Wis. 651. The husband's designation of a place of abode must be a reasonable one. Powell v. Powell, 29 Vt. 48; Atkinson v. Atkinson, 25 W. 284; 1 Bishop Marr. Div. & Sep. 1716; Hardenburgh v. Hardenburgh, 14 Cal. 654. A party acquiescing in and prolonging a separation is not entitled to a divorce. Herold v. Herold, 47 N. J. Eq. 210; Wright v. Wright, 80 Mich. 572; Rudd v. Rudd, 33 Mich. 101; Rose v. Rose, 50 Mich. 92; Sergeant v. Sergeant, 33 N. J. Eq. 204; Cooper v. Cooper, 17 Mich. 205; Chipchase v. Chipchase, 48 N. J. Eq. 549. The party complaining should show the other's continued absence against his desire and without his acceptance of it as satisfactory. Olcatt v. Olcatt, 26 Atl. 469; Goldstein v. Goldstein, Id. 862. The applicant must be free from blame as to the procuring cause. Morrison v. Morrison, 64

Mich. 53; Bowlby v. Bowlby, 25 N. J. Eq. 406; Johnson v. Johnson, 14 Cal. 460.   Lapse of time is not in itself a bar to an application for divorce independently of statute, but if unreasonable, it raises a presumption of consent or acquiesence.   5 Am. Eng. Ency. Law, 826; Williamson v. Williamson, 1 Johns Chanc. 489; Stuart v. Stuart, 47 Mich. 566.

A motion for a new trial is addressed mainly to the discretion of the court and its action will not be reversed, except in extreme cases when that discretion is abused.   Tweig v. Mfg. Co. 14 Wis. 357; Lewellen v. Williams, 14 Id. 688; State v. Lamont, 2 Wis. 438; Cook v. Helms, 5 Wis. 107; Chapman v. Wilkinson, 22 Ia. 541; Swim v. Kenyon, 22 Cal. 82; 16 Am. Eug. Ency. Law, 693; Barrier v. Bayless, 33 N. E. 907.   A much stronger case is required to reverse such an order allowing a new trial than when it refuses to grant one.   Field v. Kinnear, 5 Kan. 234; Sedan v. Church, 29 Kan. 137.

CORSON, P. J.   This was an action for a divorce upon the ground of desertion.   A trial was had before the court without a jury, and judgment was rendered in favor of the plaintiff. The defendant moved for a new trial, which was granted; and from the order granting a new trial the plaintiff appeals, and assigns as error the granting of said order.   The grounds of the motion for a new trial were as follows: First, errors of law occurring at the trial; second, insufficiency of the evidence to justify the findings; third, newly-discovered evidence; fourth, irregularity in the proceedings.   The court, in its order, states the grounds upon which the new trial was granted, to be: ''Third, newly-discovered evidence material to the defendant, which she could not, with reasonable diligence, have discovered and produced at the trial; fourth, irregularity in the proceedings of plaintiff in said action, in this: that said plaintiff was not at the time of the commencement of this action, nor at the time of the trial thereof, nor is he now, nor has he ever been, an actual resident, in good faith, of the state of South Dakota, nor

was he an actual resident thereof, in good faith, continuously, for more than ninety days prior to the commencement of this action, or for any period of time whatever, and that the judgment and decree herein was procured by fraud upon the court and defendant, on false allegations and proofs of the alleged residence of plaintiff."

A motion for a new trial upon questions of fact is addressed to the sound discretion of the trial court, and the decision of such court in granting or refusing the same will not be disturbed by the appellate tribunal unless it appears affirmatively from the record that there has been an abuse of such discretion. Hodges v. Bierlein (S. D.) 56 N. W. 811; Alt v. Railway Co. (S. D.) 57 N. W. 1126; 16 Am. & Eng. Enc. Law, p. 693, and authorities cited; Elliott App. Proc. § 603 and authorities cited.

A clearer case is required to authorize the reversal of an order granting a motion for a new trial than is required to reverse an order overruling such motion. Halpin v. Nelson, 76 Iowa, 427, 41 N. W. 62; Hodges v. Bierlein, *supra.*

One of the important questions raised by the issues on the trial of this cause was as to whether or not the plaintiff had, in good faith, been a resident of this state during the time then prescribed by the statute, prior to the commencement of the action, and was such resident at the time the action was tried, the defendant being a resident of the state of Minnesota. It was to this question, mainly, that a large number of affidavits presented to the trial court on the motion for a new trial, on the part of the appellant, were directed. By them the appellant sought to establish that the alleged residence of the plaintiff in this state was not in good faith, and was not for the purpose of making this state his home, but was colorable only, and for the express purpose of enabling him to institute this action for a divorce under the provisions of the statute of this state. The court below, in its review of the evidence given on the trial in this case, and in its examination of the affidavits disclosing the

newly-discovered evidence, was better qualified to judge of the weight to be given to the testimony, and of the materiality and effect of the affidavits, as applied to the facts then before the court, than this court could possibly be. That court had heard the testimony of the witnesses, and had had an opportunity to observe the manner in which their evidence had been given, and especially that of the plaintiff, who was the principal witness, as to his residence in this state. Ordinarily, in considering a motion for a new trial, in addition to the fact that the trial court has better opportunities for observing the manner of the witnesses in giving their testimony, the demeanor and peculiar characteristics of the witnesses, than the appellate court, there are frequently matters occurring at the trial, that cannot be spread upon the records, that may have an important bearing upon the question of whether or not a new trial should be granted, of which the appellate court has no knowledge. It is in view of these facts that appellate courts do not feel justified in disturbing the decision of the trial court in granting or refusing a new trial, except in a clear case of the abuse of its discretion. The learned court below seems to have taken the view, and we think correctly, that while our statute is liberal in its provisions, both as to the causes for which divorces may be granted, and the residence required of a party seeking to avail himself of its provisions, yet a plaintiff, before he is entitled to maintain his action, must show a substantial compliance with the terms of the statute, and his residence within the state must be in good faith, and not merely colorable. The law in force upon the question of residence when this case was tried was section 2578, Comp. Laws. This section was amended by chapter 75, Laws 1893, since the trial. The evidence upon the trial as to the residence of the plaintiff in this state, while probably *prima facie* sufficient to entitle him to maintain his action, was not of the most satisfactory character; and the newly-discovered evidence brought to the attention of the court on the motion for

a new trial was calculated to, and did strongly tend to prove that the residence of the plaintiff in this state was solely for the purpose of enabling him to bring this action, and that his residence here was not in good faith. The evidence and affidavits upon this subject are quite voluminous, and their reproduction in this opinion, or even their substance, would serve no useful purpose. It is sufficient for us to say that we have examined the evidence, affidavits, and the very full briefs of counsel, so far as they relate to the question of the residence of the plaintiff, with much care, and that we are satisfied from such examination, not only that there was no abuse of discretion on the part of the trial court, but that the court very properly exercised its discretion in granting the order upon the ground therein stated.

These conclusions lead to an affirmance of the order appealed from. Upon the question as to the sufficiency of the evidence to justify the findings of the court, discussed by counsel in their briefs, we express no opinion, as the consideration of that question is not necessary to a decision of this case, our decision being confined solely to the ground stated in the order of the learned circuit court below. The order of the circuit court granting a new trial is affirmed.