## C. GOTZIAN & CO. v. MCCOLLUM, Sheriff.

1. An application for a continuance, or a motion for a new trial, based upon. the ground of surprise, being addressed to the sound discretion of the trial court, its rulings thereon will be reviewed only when there is manifestly an abuse of such discretion.

2. A stronger case must be made to justify a reversal on appeal when a continuance or a new trial has been granted than when such application has been refused.

(Syllabus by the Court.   Opinion filed Jan. 27, 1896.)

Appeal from circuit court, Bon Homme county.   Hon. E. G. SMITH, Judge.

Action to try the right of ownership of property. From an order setting aside a verdict for plaintiff, and granting a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Robert Dollard, F. D. Wicks,* and *Morphy, Ewing, Gilbert & Ewing,* for appellant.

Where a party claiming to have been surprised by the testimony of his own witness, makes application for a new trial on the ground of surprise, he should produce the affidavits of other persons to show his ability to make a different case by them.   2 Thompson Trial 2097; 3 Wait's Prac., 403; Phoenix v. Baldwin, 14 Wend. 62; Rogers v. Hine, 1 Cal. 433; Arnold v. Skagge, 35 *Id.* 687.

*G. P. Harben* and *French & Orvis,* for respondent.

When a party is surprised by the testimony of his own witness, a new trial should be granted, if he can show that he will be able on the new trial to supply the testimony required. Roderiquez v. Comstock, 24 Cal. 85; Hayne New Trial and App.

78; Delmas v. Margo, 25 Tex. 1, 78 Am. Dec. 516; Monday v. State, 79 *Id.* 311; McFarland's v. Clark, 9 Dana 13; Levy v. Brown, 11 Ark. 16.  An abuse of discretion in the trial court in denying a continuance is ground for reversal.  People v. Dodge, 28 Cal. 445; *Id.* v. McCroney, 41 *Id.* 458; *Id.* v. Brown, 45 *Id.* 103; People v. Brown, 54 *Id.* 243.  An affidavit on a motion for a continuance must be taken as true and it is improper to hear evidence to contradict it.  Wick v. Weber, 64 Ill. 167; Quincy v. Tillson, 64 *Id.* 351; Barton v. McKay, 54 N. W, 968; Stone v. Railroad, 53 N. W. 189.

FULLER, J.  Based upon a claim of ownership, this action was against a sheriff, to recover the value of a stock of boots and shoes seized and sold under an execution issued upon a judgment in favor of the Norwegian Plow Company, against Asa Covell and another; and the appeal is from an order setting aside a verdict and granting the defendant a new trial.  At the trial and after plaintiff and appellant had made a *prima facie* case and rested, and in support of that part of the answer in which it is alleged that Asa Covell, the judgment debtor, was in fact the owner of the property in controversy, said Covell was called on the part of the defendant and respondent, and testified that he was not the owner thereof, but that said property belonged to C. Gotzian & Co. when the same was seized and sold on execution.  At this stage in the proceedings an application for a continuance was made by respondent's counsel, based upon the ground of surprise in the testimony of the witness Covell, and a request was made for time in which to prepare an affidavit in support thereof; showing to the court what specific facts as to the ownership of the property could be established by absent witnesses, whose respective places of residence were stated, together with what appeared to be valid reasons why said witnesses were not subpœnaed and present in court.  Manifestly, for the purpose of avoiding delay, the court, in effect, treated the affidavit as made, and formally denied the motion for a con-

tinuance; and to perfect the record, and with a view to the preservation of respondent's right to have said order reviewed on appeal, three days were granted to each party within which to prepare and file proper affidavits in support of and in resistance to said application for a continuance. No further evidence being offered by either party, a motion was thereupon made for the direction of a verdict against the defendant in plaintiff's favor, for the full amount claimed; and as the ownership of the property, the decisive question at issue, was established by appellant's witnesses and respondent's witness Covell, who testified that he was not the owner thereof, but that the same belonged to appellant, the court sustained the motion, and accordingly directed a verdict for $4,000. From counsel's affidavit for a continuance, upon which this verdict was set aside and a new trial was ordered, it appears that said Asa Covell, whom defendant had called as a witness, at all times claimed the property, and had recently made certain affidavits in which he had stated specifically, upon oath, that he was at the time of the seizure thereof the owner of all the property described in the complaint herein, and that relying upon said witness, and believing that he would testify upon the trial that he was the owner of the property at the time the same was seized and sold by the sheriff in satisfaction of said judgment against him, and regarding such direct and solemn declarations as sufficient assurance that he would again so testify, counsel had deemed it unnecessary to call and produce at the trial certain other accessible witnesses named in his affidavit, and by whom he would if a continuance were granted, be able to prove certain specified facts, tending to show that said Covell, the judgment debtor, and not C. Gotzian & Co., owned the entire stock of boots and shoes at the time the same was seized and sold at execution sale by the defendant sheriff.

Upon the hearing of the motion for a new trial, respondent relied wholly upon his affidavit for a continuance; and, in opposition thereto, appellant submitted affidavits to disprove the

recitals thereof concerning facts to which certain witnesses would testify, if present, and tending to rebut statements contained in said affidavit relating to the question of good faith, ordinary prudence, surprise, and the exercise of diligence to prevent the same. If, in the exercise of a sound judicial discretion, the court, upon the showing made, ought to have granted a continuance, it was entirely proper, upon the same showing, to correct the error by awarding a new trial. Both rulings being within the exercise of a judicial discretion, neither would be reviewed on appeal, in the absence of an abuse thereof. From a knowledge of the nature of his previous statements under oath, respondent's counsel were justified in presuming that the witness Covell would testify at the trial that he was the owner of the property, and they were reasonably justified in omitting to subpœna other witnesses in possession of facts relating to the question of ownership. Obviously, the witness would not have been called upon by counsel for respondent to testify in support of the one vital issue tendered by the complaint of appellant, and traversed by the answer; and, when he did so, it is equally clear that respondent, at least, was surprised. That there are many witnesses who unconciously or designedly make statements in private consultation, before the trial, more probative, direct, and certain than ever reach the ear of the court and jury from the lips of the witness when under the solemnity of an oath, is a fact well known to every lawyer; but where, as in this instance, a witness has positively and deliberately sworn upon two or three recent occasions that he was at all times the owner of the identical property in dispute, and, when called as a witness for the sole purpose of establishing such fact, not only testifies that de did not own said property, or any part thereof, but that the same belonged to a claimant against whom he was called as a witness, a different, and, we trust, a far more unusual, case is presented. To allow a case to be continued, so near the close of a long jury trial, would necessitate the trouble and expense

of a retrial, in any event; and, in the face of this fact, the court evidently denied the application without serious reflection, and with the intention at the time to correct the error, if any was made, by granting a new trial, when applied for, in case it should be found that substantial injury had resulted therefrom. Upon the entire record, we think the trial court was justified in concluding that reasonable care and dilligence had been used to procure testimony on the part of the defense, and that, not-withstanding the surprise, ordinary prudence had been exercised by the attorneys for respondent in preparing for trial, and that the injury resulting from their disappointment in the testimony of the witness Covell might be remedied by another trial of the cause. An application for a continuance or for a new trial on the ground of surprise being addressed to the sound discretion of the trial court, the exercise thereof will be reviewed only in cases where there is manifestly an abuse of such discretion; and a stronger case must be made to justify a reversal on appeal when a continuance or a new trial has been granted than when such application has been refused. Alt v. Railway Co. (S. D.) 57 N. W. 1126. The order from which this appeal was taken is therefore affirmed.