# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

## State of South Dakota.

### DISTAD V. SHANKLIN.

1. In a notice of motion for new trial on the ground of irregularity in the proceedings of the jury, a specification that one of the jurors was insane at the time of the trial is sufficient.

2. In a notice of motion for new trial on the ground of insufficiency of the evidence, a specification that the evidence of plaintiff showed the property in suit to be worth a certain sum, which the jury had disregarded (there being no evidence to the contrary) is sufficient.

3. The stenographer's notes need not be filed before the hearing of a motion for new trial made on the minutes of the court.

4. A verdict contrary to the instructions will be set aside.

5. The grant of a new trial for insufficiency of evidence will not be disturbed in the absence of an abuse of discretion.

(Opinion filed May 17, 1898.)

Vol. 11 S. D.—1

Appeal from circuit court, Brule county.   Hon. FRANK B. SMITH, Judge.

Action by M. E. Distad against Harry A. Shanklin.   Verdict for plaintiff, and from an order granting plaintiff's motion for a new trial defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Edwin Greene,* for appellant.

*S. H. Wright,* for respondent.

CORSON, P. J.   This is an appeal from an order granting a new trial.   Objections were made by the appellant to the proceedings on the motion for a new trial in the court below. The defendant moved the court to dismiss plaintiff's motion for a new trial, on the ground "that the notice of intention was insufficient, indefinite, and uncertain, and that there was nothing on the files of the court on which the motion could be heard."   This motion was denied, and exception taken.   The notice of intention designated two statutory grounds:   One was "irregularity in the proceedings of the jury," and the jury was incompetent to try the issue in said cause, for the reason that one of the jurors was insane at the time of the trial.   The other was "for insufficiency of evidence to sustain or justify the verdict, and because the verdict of the jury is contrary to the evidence and the instructions of the court, and also because it is manifest that the jury, in arriving at a verdict, disregard· ed the evidence as to the value of the property which plaintiff was to receive in making the trade, described in the pleadings and evidence; the depositions of the witnesses testifying to the value of the said property, and the evidence of the plaintiff, all showing that said property was worth at least $1,000,

while there was no evidence to the contrary." The notice of intention specified that the motion would be made upon affidavits, minutes of the court, the stenographic report of the testimony, pleadings, etc.

Appellant contends that the statement that the jury was incompetent in that one of the jurors that tried the issue was insane, is not a ground for a new trial. This was evidently stated to specify in what the irregularity consisted, as required by the statute. We are of the opinion that the specification was not only proper, but, under the statute, was necessary.

The second ground of the motion—insufficiency of the evidence to justify the verdict—we think was sufficient, as the particulars in which the evidence was insufficient substantially complied with the requirements of the statutes, and were such that the court and adverse party could readily understand in what particulars the evidence was claimed to be insufficient.

Appellant further contends that, as the stenographer's notes were not on file when the motion was heard, the court had nothing before it upon which it could pass upon the motion. The notice specified that the motion would be made upon "the minutes of the court," and no law has been called to our attention requiring the notes of the stenographer to be filed or used on the hearing. The term "minutes of the court," as used in Subdivision 4, § 5090, Comp. Laws, seems to have no well-defined legal meaning, but is evidently used in that section as referring to such minutes as the judge may make of the evidence, and to his recollection of the same, and is evidently intended to relieve a party from the expense and labor of preparing a statement or bill of exceptions. To require the party

moving for a new trial upon the minutes of the court to procure a transcript of the stenographer's notes, and cause the same to be filed, would, in effect, impose upon him a greater burden than preparing a bill of exceptions or statement. Such, in our view, was not the intention of the lawmaking power. The danger suggested by appellant, that this court may have a different record before it than that upon which the motion was decided, is more imaginary than real. The motion is required to be disposed of speedily, and the statement prepared after the motion is heard, in order that the record may be reviewed in this court, is settled by the trial judge or court under the provisions of Section 5091, which limits the statement to the grounds argued before the court for a new trial, and to so much of the evidence, etc., as may be necessary to explain them. If the stenographer's notes are written out and on file, they may be referred to by either party or the court. Section 5092. We are of the opinion that the court ruled correctly in denying appellant's motion.

Plaintiff and respondent brought this action against the defendant and appellant to recover the value of certain property that he was to receive in exchanging four quarter sections of land in Brule county, owned by the defendant, for a store building in Alcester, in Union county, owned by Knight & Fritts. The plaintiff claimed that in making the exchange the defendant was to get the store property, only, for his land, but, by an arrangement between the plaintiff and Knight & Fritts, he (the plaintiff) was to get, in addition, personal and other property of the value of at least $1,000, and that, defendant having refused to carry out the agreement to make this exchange, he was entitled to recover of the defendant the value of the extra

property he was to receive, and demanded judgment for $1,000. The defendant set up in his answer fraudulent representations on the part of the plaintiff as to the value of the Alcester property, and that plaintiff acted as his agent, and that he agreed to pay plaintiff $25 (admitted on the trial to be $50) commission in case the sale was consummated. He further alleged that the contract between the plaintiff and Knight & Fritts was unknown to this defendant, and was a fraud upon him. The case was tried to a jury which found a verdict in favor of the plaintiff for $50. The case was tried by plaintiff upon the theory that he was entitled to recover the value of the extra property he was to get from the Alcester parties, over and above the store property, in the exchange; and by the defendant, upon the theory that the plaintiff was his agent, and only entitled to a commission of $50 in case the exchange was consummated. The court instructed the jury that "there is only one measure of damages, in case you find for the plaintiff in this case; that is, the value of the property which the defendant [plaintiff] was to receive;" and also, "if you find, as a matter of fact, upon all the evidence in this case, that Distad was the agent of the defendant, and was acting for him in making this transfer, then Mr. Distad cannot recover." No exception was taken by either party to these instructions of the court. But the jury, notwithstanding these instructions, found for the plaintiff $50, as above stated. The defendant was apparently satisfied with this verdict, and neither moved for a new trial, nor appealed from the judgment. The appellant contends that though the jury may have disregarded the instructions of the court, and thereby committed an error, yet it was an error in favor of the plaintiff of which he cannot complain, and does not con-

stitute a ground for a new trial. But this court cannot presume that the jury disregarded the instructions of the court, by finding for plaintiff $50 as commission to be paid by the defendant, although the coincidence of the amount of the verdict with the amount of commission the defendant claims he was to pay would indicate that the verdict of the jury was intended to give the plaintiff that sum as commissions. This court will presume that the jury followed the instructions of the trial court, by finding for the plaintiff upon his claim, though it may have committed error in the amount of damages awarded him. If we are correct in this presumption then it follows that the jury erred in the amount of damages awarded, as no witness estimated the value of the property that plaintiff was to receive from Knight & Fritts in addition to the Alcester property at less than $1,000. The learned circuit court evidently granted the new trial upon this theory, as, under the instructions of the court, the jury was required to either find for the defendant or for the plaintiff, and, if for the plaintiff, then the value of the property he would have received, as damages. Assuming, for the purposes of this decision, without deciding, that the court's instructions were correct, then the court very properly granted a new trial, as a jury is not at liberty to disregard the instructions of the court in material matters. Hence the court was right in granting a new trial. Again, "An application for a new trial upon the ground of the insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion." Hodges v. Bierlein, 4 S. D. 258, 56 N. W 811; Alt v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 150, 60

N. W. 743; Esshom v. Hotel Co., 7 S. D. 77, 63 N. W. 229; C. Gotzian & Co. v. McCollum, (S. D.) 65 N. W. 1068. And this court has held that "a stronger case must be made to justify the interposition of an appellate court when a new trial has been granted than when it has been refused." Alt v. Railway Co., *supra*; Esshom v. Hotel Co., *supra*. For the reasons above given, the order of the circuit court is affirmed.