FINCH *et al.* v. MARTIN *et al.*

1. An application for a new trial because of the insufficiency of the evidence to support the verdict being addressed to the discretion of the trial court, its decision thereon is not reviewable unless there has been manifest abuse of such discretion.

2. A contention that the trial court was not authorized in granting a new trial, because there was evidence warranting the verdict, cannot be

considered on appeal, as the supreme court cannot weigh all the evidence, or go further than to determine whether there is sufficient evidence to sustain the verdict.

·(Opinion filed June 20, 1900.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by George R. Finch and others, a co-partnership under the firm name of Finch, VanSlyke, Young & Co., against S. C. Martin and another, partners under the firm name of S. C. Martin & Co. From an order granting a new trial to one of the defendants, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*T. M. Simmons* and *A. W. Wilmarth,* for appellants.

A verdict will not be set aside when sustained by any legal evidence. Vermillion Co. v. City, 6 S. D. 467. 61 N. W. 802; Toole v. Petrie, 7 S. D. —, 65 N. W. 43; Halley v. Folsom, 1 N. D. 325; 48 N. W. 219; Johnson v. Gilmore, 6 S. D. 277, 60 N. W. 1070; Demnon v. Mullen, 6 S. D. 554; 62 N. W. 380; Huron Printing Co. v. Kettleson, 4 S. D. 520; 57 N. W. 133; Franz Falk Co. v. Milcnz, 5 Dak. 36, 37 N. W. 728; Finney v. Railroad, 3 Dak. 270; 16 N. W. 500; Canfield v. Boyle, 2 Dak. 464, 11 N. W. 511; Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Bedoid v. Tankin, 5 S. D. 442; 59 N. W. 222; Caledonia Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; Territory v. Stone, 2 S. D. 155; Gleckler v. Slavens, 5 S. D. 364.

An application for a new trial on the grounds of the evidence being insufficient to support the verdict is addressed to the sound discretion of the trial judge, and such discretion will only be reviewed by the appellate court in case of manifest abuse of that discretion. Distad v. Shanklin, 75 N. W.

206; Hodges v. Bierlien, 4 S. D. 258; Ault v. Railroad, 5 S. D. 20; Grant v. Grant, 6 S. D. 150; Esshom v. Hotel Co. 7 S. D. 74; Gotzian, v. McCollum, 65 N. W. 1068.

*E. H. Aplin*, for respondents.

CORSON, J. This is an appeal from an order granting a new trial. The action was brought by the plaintiffs to recover of the defendants, as partners doing business under the firm name of S. C. Martin & Co., the value of certain goods, wares, and merchandise alleged to have been sold by the plaintiffs to the defendants as such partners. Verdict and judgment were rendered for the plaintiffs, and upon motion of the defendant S. C. Martin a new trial was granted as to him. The motion for a new trial was made upon the following grounds: "Insufficiency of the evidence to justify the verdict, and that said verdict is against the law." The circuit court, in its order granting a new trial, does not state the ground upon which the order was made, and hence we may presume it was made by the court in the exercise of its discretion.

It is contended on the part of the appellants that under the evidence in this case the court was not warranted in granting a new trial, and that in granting the same it abused the discretion vested in it. The respondent, in support of the ruling of the learned trial court, insists that the court was fully justified in granting a new trial, for the reason that the evidence introduced on the part of the plaintiff tending to show that S. C. Martin was a partner of S. L. Martin was clearly insufficient to justify the jury in finding a verdict against him, and that, in any event, the discretion of the trial court in granting a new trial will rarely be interfered with by the appellate tri-

bunal, and then only where there has been a manifest abuse of its discretion. In Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205, this court, in discussing the question of a new trial granted by the lower court, held that an application for a new trial upon the ground of the insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial court, and its discretion will only be reviewed by this court in case of manifest abuse of that discretion. Elliott, App. Proc. § 603; Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811; Alt v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 150, 60 N. W. 743; Esshom v. Hotel Co., 7 S. D. 77, 63 N. W. 229; C. Gotzian & Co. v. McCollum, 8 S. D. 186, 65 N. W. 1068. Again, in Grant v. Grant, *supra*, this court says: "A motion for a new trial upon questions of fact is addressed to the sound discretion of the trial court, and the decision of such court in granting or refusing the same will not be disturbed by the appellate tribunal unless it appears affirmatively from the record that there has been an abuse of such discretion." 16 Am. & Eng. Enc. Law, 693. And in the same case this court says: "A clearer case is required to authorize a reversal of an order granting a motion for a new trial than is required to reverse an order overruling such motion." Hodges v. Bierlein, *supra*; Halpin v. Nelson, 76 Iowa, 427, 41 N. W. 62. In the case at bar the defendant S. C. Martin claimed that he was not a partner of S. L. Martin, and that the goods, wares, and merchandise sued for were sold to S. L. Martin, and not to him. The jury must have necessarily found that he was such partner, and the appellants contend that there was evidence introduced on the part of the plaintiff that would warrant the finding of the jury, and that hence, under the decisions of this court, the

trial court was not authorized to grant a new trial. It is true that this court has held that it would not reverse an order of the trial court denying a new trial, in a case tried by a jury, where there was sufficient legal evidence to sustain the verdict of the jury. But the trial court is vested with much larger discretionary powers in denying or granting a new trial than is possessed by this court. The trial court may pass upon the weight of the evidence, and determine, in view of all the circumstances in the case, whether or not a new trial should be granted. But in cases tried by a jury this court does not weigh the evidence, or go further than to determine whether or not there is sufficient legal evidence to sustain the verdict of the jury. Jeansch v. Lewis, 1. S. D. 609, 48 N. W. 128. Hence the rule invoked by the learned counsel for the appellants, while it might properly have been addressed to the trial court, has no application in this court.

It is further contended by counsel for the appellants that, as no motion was made on the part of the respondents in the court below to direct a verdict in their favor, they virtually conceded that there was evidence sufficient to go to the jury, upon the question of S. C. Martin's liability as a partner of S. L. Martin. But, as before stated, that doctrine can have no application in this court, when a new trial has been granted, for the reason that the trial court is vested with a large discretion in granting or refusing a new trial, with which discretion this court, except in a very clear case of abuse, will not interfere.

While we have carefully examined the evidence introduced on the part of the appellants, we do not deem it necessary to reproduce it, or express any opinion as to its weight, further

thar to say that we discover no evidence in the record that the trial court has abused its discretion. It may be proper to state here that the appellants have not presented in this record any of the evidence given on the part of the defendants, and that for that reason alone it would be our duty to affirm the ruling of the court below. In granting or refusing a new trial the trial court, as we have before stated, may review and weigh the whole evidence given in the case. Hence, for aught that appears in the record, the evidence for the defendants might have so clearly preponderated in their favor as to have required the trial court to grant a new trial. The order of the circuit court is affirmed.