### ROCHFORD v. ALBAUGH.

1. An order granting a new trial, after verdict for plaintiff, on the ground "that the evidence is not sufficient to sustain the verdict," is within the discretion of the trial court.

2. Where a new trial has been granted, a stronger case is required to secure a reversal than where it has been denied.

3. The rule that the uncorroborated testimony of a party in his own behalf is not conclusive on a jury does not divest the trial court of its discretion to grant a new trial, when, in its opinion, justice requires such exercise of its discretion.

(Opinion filed May 8, 1903.)

Appeal from circuit court, McCook county, Hon. JOSEPH W. JONES, Judge.

Action by G. E. Rochford against H. E. Albaugh. From an order granting a new trial after verdict for plaintiff, plaintiff appeals. Affirmed.

*Joe Kirby*, for appellant.

*E. H. Wilson*, for respondent.

CORSON, J. This is an appeal from an order granting a new trial. The action was brought upon a promissory note executed by the defendant. The defendant, in his answer, alleged as a defense that the note had been altered by writing

the figure "6" before the figure "2," making the same read "$62.70." and also writing the word "sixty before the words "two and seventy one hundredths dollars," without the consent or acquiescence of the defendant. The trial resulted in a verdict in favor of the plaintiff, and the defendant moved for a new trial, which was granted; the order granting the same being as follows: "It appearing to the court that the evidence is not sufficient to sustain the verdict, because the evidence of the defendant shows that said note in suit was altered, after the same was delivered, without defendant's consent, and there was no evidence contradictory thereto introduced by the plaintiff, which justified the jury in not finding that the said note was so altered: Now, therefore, for the reasons given aforesaid, it is hereby ordered that the verdict of the jury, and judgment thereon, be, and the same is hereby, vacated and set aside, and the defendant is hereby granted a new trial therein."

It is shown by the record that the plaintiff introduced the note in evidence, upon which there was no appearance of any alteration. The defendant thereupon, being sworn as a witness in his own behalf, testified that when he executed the note it was a note for $2.70 and that it had been altered without his consent, so as to read $62.70. This was the only direct evidence upon the subject. There were certain letters written by the Kirby Mercantile Company to the defendant, offered in evidence, and also an application for an insurance policy, but they tended only in a slight degree to sustain the plaintiff's case.

It is contended by the appellant that, there being no alteration apparent upon the face of the note, it was presumptively in the same condition as when signed by the defendant, and that the burden of proof was upon the defendant, to overcome

this presumption, and whether he had done so or not was a question for the jury, and, the jury having found a verdict against the defendant, the court could not legally grant a new trial, as a matter of law. It appears, however, from the order of the court, that the new trial was granted, not on a question of law, but in the exercise of its discretion, for the reason that the evidence did not justify the verdict of the jury, and in such a case this court will not reverse the order unless there has been a manifest abuse of such discretion. The defendant having testified positively that the note had been altered and changed from a note of $2.70 to a note of $62.70 after he had signed the same, and there being no direct evidence contradicting this testimony, it was clearly within the discretion of the trial court to grant a new trial upon the ground that the evidence, in its opinion, was insufficient to justify the verdict; and, where a new trial has been granted, a stronger case is required to secure a reversal than where it has been denied. Alt. v. Railway, 5 S. D. 20, 57 N. W. 1126; Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811; C. Gotzian & Co. v. McCollum, 8 S. D. 186, 65 N. W. 1068; Esshom v. Hotel Co., 7 S. D. 77, 63 N. W. 229; Morrow v. Letcher, 10 S. D. 33, 71 N. W. 139; Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205.

There is much force in the contention of the appellant that the testimony of a witness in his own behalf, uncorroborated, is not conclusive upon the jury, as they are the judges of the credibility of the witnesses and the weight to be given their testimony. McGill v. Young et al (S. D.) 92 N. W. 1066. But such a rule does not divest the trial court of its discretion to grant a new trial, when, in its opinion, justice requires such exercise of its discretion.

The trial court, therefore, having exercised its discretion and granted a new trial, and it not appearing that there was any abuse of such discretion, its order must be affirmed, and it is so ordered.