## JONES *et al.* v. JONES *et al.*

In an action against defendants by their lessees to recover for the conversion of crops grown on the property under a lease giving defendants title to all the crops until a division was had according to the lease, a verdict was directed for defendants on the theory that the action should have been in equity for an accounting. Before any question had been raised as to the form of the action, it had been clearly shown that plaintiffs were entitled to relief in some form. Held not an abuse of discretion to grant a new trial.

(Opinion filed July 22, 1903.)

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Action by Delwin A. Jones and another against Wilson S. Jones and another. Verdict for defendants, and from an order granting a new trial defendants appeal. Affirmed.

R. W. Parliman, for appellants.

Davis, Lyon & Gates, for respondents.

FULLER, J. For the purposes of this appeal from an order granting a new trial, we shall assume, as urged by counsel for appellants, that the complaint states a cause of action for damages sustained by the wrongful conversion of respondent's undivided one-half interest in certain crops raised upon the farm of appellants, pursuant to a contract which gave them "the title and possession of all hay, grain, crops and produce raised, grown or produced on said premises" until a division thereof according to a stipulation contained in the lease by

which respondents were to occupy the premises and have one-half of everything they could produce during the season of 1900. It was conclusively shown by the undisputed evidence admitted without objection, that, notwithstanding respondents occupied the premises under the lease and faithfully complied with all its terms, they were wrongfully ejected by appellants and absolutely deprived of all their interest in the crops. Although it was clearly shown and undisputed that appellants, in violation of their contract, had appropriated to their own use respondent's one-half interest in 4,000 bushels of corn, worth 25 cents per bushel, 1,200 bushels of oats worth 20 cents per bushel, 40 tons of hay worth $5 per ton, and 40 loads of straw worth $1.50 per load, no damages were allowed in the way of compensation, and a verdict was directed against respondents upon the theory that the action should have been in equity for an accounting.

As a general proposition, one having the possession and right of possession cannot be guilty of conversion by retaining it, yet under our reformed system the court may administer relief, legal or equitable, as required by the facts before it, regardless of the form of action. Before any question was raised as to the form in which the action was brought, it was clearly shown by the undisputed testimony that respondents had been injured by the wrongful act of appellants, and upon the facts were entitled to relief in some form. If the action of the trial court, in directing the verdict, caused a failure of justice, the new trial was properly granted, although it may be necessary to file an amended complaint. An order granting a new trial is clearly within the exercise of judicial discretion, and will not be disturbed, unless there is manifest abuse of that discre-

tion. Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811; Alt v. Chi. & N. W. Ry. Co., 5 S. D. 20, 57 N. W. 1126; C. Gotzian & Co. v. McCollum, 8 S. D. 186, 65 N. W. 1068.

The record before us discloses no abuse of discretion on the part of the court below, and the order granting a new trial is affirmed.