STATE, Appellant, v. HILTON, Defendant, (REIERSONS, Inc., Intervener, Respondent).

(240 N. W. 494.)

(File No. 7259.   Opinion filed February 5, 1932.)

M. Q. Sharpe, Attorney General, Frank W. Mitchell, Assistant Attorney General, and J. W. Jackson, State's Attorney, of Kennebec, for the State.

E. E. Wagner and Florence Ryan Foss, both of Mitchell, and A. C. Miller, of Kennebec, for Respondent.

460

PER CURIAM. Defendant, Hilton, pleaded guilty in the court below to a charge of transporting liquor. Intervener, the owner of the truck wherein Hilton had transported the liquor, appeared to show cause against the forfeiture of the truck. The state filed an answer to the complaint in intervention, and, after hearing upon the issues so joined, the court made findings of fact, conclusions of law, and judgment for the forfeiture and sale of the truck in question.

Thereafter intervener moved for new trial, and, after consideration, the trial court vacated the forfeiture judgment and granted a new trial of said issues "upon the ground that the evidence was insufficient to justify the decision of the court." From this order granting new trial, the state has appealed.

The law applicable to the situation, when the owner of a motor vehicle seeks to show cause against its forfeiture because of the use of such vehicle by another in transportation of liquor, was considered with some care by this court in State v. Severson, 55 S. D. 1, 224 N. W. 179, 182, where our decision was summarized as follows: "The learned trial judge has found by his order that the intervener has shown good cause why the automobile in question should not be forfeited and sold. We believe it is the law upon the authorities hereinbefore cited that 'good cause' depends to a great extent upon the particular circumstances of each individual case; that the burden of proof is upon the intervener to show good cause; and that the trial judge is vested with a considerable amount of discretion in determining whether good cause is shown."

Upon the record in the instant case, we are not persuaded that the trial court erred in its application of the law or its interpretation of the facts when it decided, in granting the respondent's motion for new trial, that the evidence was insufficient to sustain the judgment of forfeiture previously rendered.

No abuse of discretion appears (Finch v. Martin, 13 S. D. 274, 83 N. W. 263), and the order appealed from is affirmed.

All the Judges concur.