## JONES *et al.* v. JONES *et al.*

Where one of the respondents died prior to the decision of an appeal for an order granting a new trial, and respondents had every reason to anticipate that the order would be affirmed, and that it would be necessary to substitute deceased's executor for the new trial, and notwithstanding such fact and their knowledge of deceased's death neglected to have such substitution made until after the decision of the appeal, and thereby made necessary a reargument, the costs of the reargument should not be taxed against appellants, although the order appealed from was affirmed both on the original hearing and on the reargument.

(Opinion filed July 12, 1905.)

From taxation of costs by clerk of court appellants appeal. Modified.

For former opinions see 17 S. D. 256; 96 N. W. 88; 103 N, W. 641.

HANEY, J.   The order of the lower court granting a new trial in this action was heretofore affirmed, and the cause remanded.   Jones v. Jones, 17 S. D. 256, 96 N. W. 88.   Subsequently, upon the application of the plaintiffs, it being then made to appear that the defendant Wilson S. Jones had died

testate after the appeal was taken and before the decision of this court was rendered, the remittitur and record were recalled; the decision and judgment of this court were vacated; the action continued against H. W. Subera, as executor of the last will of the decedent, and Isaac S. Jones, the other defendant; a rehearing was granted; and the cause was again assigned for argument. Upon rehearing the order appealed from was again affirmed, and the action remanded, with directions to the circuit court to grant the plaintiffs leave to serve and file new complaints against each of the defendants upon such terms as it should deem just and equitable. Jones v. Jones, 19 S. D. 372, 103 N. W. 641. Thereafter the clerk of this court, upon due notice, taxed the following items of costs and disbursements in addition to the costs and disbursements taxed upon the first hearing: "For reargument, $15; fees clerk Supreme Court additional, $20.80; express and telegraph, $ 50;" to each of which items appellants excepted, and from which taxation they appealed.

It appears from the records of this court that respondents had actual knowledge of Wilson S. Jones' death before the first decision of this court was rendered. The then pending appeal was from an order granting a new trial in the court below. Respondents had every reason to anticipate that such order would be affirmed, and that a substitution of the executor would be necessary to enable them to further prosecute their action. They alone were interested in having such substitution made, and it was their duty to have it made with all reasonable dispatch. If they had properly performed such duty, the costs and disbursements now sought to be taxed would not have been incurred, and we think should not be

charged to the appellants. While, under the peculiar circumstances of the case, the clerk could not have acted otherwise than he did, we are of the opinion that all the above items should be stricken out, and that appellents should be required to pay only such costs and disbursements as were taxed under the first decision.