Stewart v..The Town of Dunlap.

AFFIRMED.

STEWART v. THE TOWN OF DUNLAP.

1. **New Trial**: DISCRETION OF TRIAL COURT IN GRANTING. Unless it is made clearly to appear that the trial judge abused his discretion in granting a new trial on the ground that the verdict was not sustained by the evidence, this court will not interfere.

*Appeal from Harrison District Court.*

TUESDAY, JUNE 12.

THIS action was brought to recover for personal injuries sustained by plaintiff from a fall upon a sidewalk of the town, caused by defects therein. There was a verdict for plaintiff

in the sum of $4,000, which, upon motion of defendant, was set aside, and a new trial was granted. Plaintiff appeals.

*L. Bolter* and *G. T. Kelley*, for appellant.

*M. P. Brown*, for appellee.

BECK, J.—The record does not show upon what ground the verdict was set aside. The motion sustained by the district court was based upon nine grounds, among which were objections to the verdict for the reason that it is in conflict with instructions, is not supported by the evidence, is excessive, and is contrary to special findings, and that there is alleged error in refusing certain instructions. The plaintiff insists that upon none of these grounds was the court below authorized to set aside the verdict. We conclude that the motion was not sustained upon any ground other than those calling in question the sufficiency of the evidence, as all objections but these are clearly not well taken. While it is probable that the evidence sufficiently supported the verdict, yet the district court in the exercise of a sound discretion was required to determine that question. Such determination will not be disturbed in the absence of a showing that the court abused its discretion in granting a new trial. No such showing is made in this case. In view of the facts that the district court was more fully and accurately advised upon the evidence than it is possible for us to be, and that circumstances connected with the case, as the appearance of the plaintiff and of the witnesses of the parties, and their deportment, were within the observation of the district judge, and cannot be known to us, it is impossible for us to say that the new trial was not granted in the intelligent and just exercise of the discretion lodged in the trial court by the law. See *Conklin v. City of Dubuque*, 54 Iowa, 571, and cases therein cited. The judgment of the district court is

AFFIRMED.