## MORROW v. LETCHER,

1. An order granting a new trial on the ground of insufficiency of the evidence will be reversed only where there has been a manifest abuse of the trial judge's discretion.

2. In transmitting to plaintiff's attorney an order granting defendant a new trial, the trial judge inclosed a letter wherein certain reasons were assigned for his action. The letter was not incorporated in the bill of exceptions, and was not filed with the clerk. *Held*, that the letter was not a part of the record, and could not be considered on appeal.

(Opinion filed May 12, 1897.)

Appeal from circuit court, Davison county. Hon. J. W. JONES, Judge.

Action for an injunction, and other relief. From an order granting defendant a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*A. E. Hitchcock*, for appellant.

Where an order granting a new trial is based on questions of law the discretion of the trial court is not involved, and the appellate court will review on its merits the decision of the trial court in granting a new trial. Sandmeyer v. Insurance Co., 2 S. D. 346, 50 N. W. 353; Walter A. Wood Co. v. Stenel, 36 N. W. 636; Duffy v. Railroad, 34 Wis. 192. In trials by the court the admission of incompetent evidence is not reversible error, the presumption being that the court considers only competent and legally sufficient testimony. Whipple v. Fowler, 60 N. W. 15; Tolerton & Stetson v. McClure, 63 N. W. 791; Pearce v. McKay, Id. 851.

*H. C. Preston*, for respondent.

The trial court having exercised its discretion in granting the order for a new trial, and having taken into consideration each and every specification mentioned in the notice of intention to move for a new trial, the Supreme Court will not review the record to ascertain if the trial court has manifestly abused its discretion. Alt v. Railroad, 5 S. D. 20, 57 N. W. 1128; Hodges v. Bierlein, 4 S. D. 219, 56 N. W. 811; Gotzian & Co. v. McCollum, S. D. 65 N. W. 1068; Grant v. Grant, 6 S. D. 147, 60 N. W. 743.

HANEY, J. This appeal is from an order granting a new trial. One ground of the application was insufficiency of the evidence to justify the decision. An application for a new trial for this cause is addressed to the sound discretion of the trial judge, and his action will be reversed by this court only when there is manifest abuse of such discretion. A stronger case must be made to justify a reversal when a new trial has been granted than when it has been refused. Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811; Alt v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 147, 60 N. W. 743. This rule is applicable to the case at bar. Defendant, Minnie H. Letcher, appears to have succeeded to the rights of A. M. Bowdle. So far as such rights rest upon the transfer from Matilda H. Letcher to Bowdle, they are subject to the lien of plaintiff's judgment, and the only real controversy concerns the tax title taken by Bowdle in the name of Burright. Plaintiff alleges that the property was transferred by Matilda H. Letcher to Bowdle to secure certain obligations and liabilities due him from George E. Letcher; that he held it as mortgage security, and not otherwise, and therefore was incapable of acquiring a tax title. These allegations upon which plaintiff predicates the invalidity of the tax title are denied. The conveyance from Matilda H. Letcher to Bowdle is absolute upon its face. If it was what it purported to be, it vested in the grantee an estate

in fee simple, subject, of course, to the lien of plaintiff's judg-
ment. The burden was with plaintiff to show that the transfer
was in fact a mortgage. Doubtless the evidence strongly tends
to support plaintiff's contention, but it cannot be said that the
facts concerning Bowdle's relations to the property are undis-
puted, or that it was a manifest abuse of discretion to grant a
new trial.

In transmitting the order granting a new trial to plaint-
iff's attorney, the trial judge appears to have inclosed a letter
wherein certain reasons are assigned for his action. Respond-
ent, by an additional abstract, properly raises the question
whether such letter is a part of the record. It is not in the bill
of exceptions, does not appear to have been filed with the clerk,
and certainly was not intended to be a decision upon a question
of law, under Chap. 72, Laws 1893. We conclude it is not in
the record, and cannot be considered. Comp. Laws, 5103.
The order appealed from is affirmed.