## Troy Min. Co. v. Thomas.

1. Where appellant's assignment of errors on appeal from an order granting a new trial specified six particulars in which the court erred in its charge, appellant could not complain of the order granting a new trial.

2. An order granting a new trial for insufficiency of evidence will not be disturbed in the absence of an abuse of discretion.

3. Where a meeting of the directors of a corporation was held at a time when the treasurer thereof was on his deathbed, and a resolution passed to accept certain property of the treasurer in satisfaction of the amount .due from him to the corporation, the whereabouts of which property was known to the directors and officers, and accessible to them at the time, though not actually delivered, plaintiff corporation was entitled to an instruction on the issue of accord and satisfaction, stating what constituted an acceptance, and clearly distinguishing between acceptance and an agreement to accept.

(Opinion filed November 20, 1901.)

Appeal from circuit court, Lawrence county, Hon. Joseph B. Moore, Judge.

Action by the Troy Mining Company against Johnson G. Thomas, administrator of Thomas H. White, deceased,. From an order granting a new trial, defendant appeals. Affirmed.

*Martin & Mason,* for appellant.

*William R. Steele* and *Edwin Van Cise,* for respondent.

Haney, J. Thomas H. White, deceased, was at the time of his death treasurer of the plaintiff corporation. The object of this action is to recover of his estate a balance alleged to be due from him as such treasurer. Two defenses are interposed: First, that no balance was due the corporation; and, second, that there was an accord and satisfaction prior to the treasurer's death. A verdict having been returned in favor of the defendant, plaintiff made applica-

tion for a new trial, which was granted. Defendant appealed from the order granting a new trial.

Appellant's assignment of errors is as follows:. "The appellant says there is manifest error upon the face of the record, in this: that the court erred in the following particulars: (1.) In giving to the jury plaintiff's instruction No. 1; (2) in giving to the jury plaintiff's instruction No. 2; (3) in giving to the jury plaintiff's instruction No. 3; (4) in giving the court's charge to the jury as a whole; (5) in giving the particular portion of the court's charge covered by defendant's exception No 1; (6) In giving the particular portion of the court's charge covered by defendant's exception No. 2; (7) in granting plaintiff's motion for a new trial, and in making the order vacating the verdict of the jury and granting a new trial; (8) in not rendering judgment for the defendant upon the verdict." If there were six particulars wherein the court erred in giving its charge, and if the court erred in giving the charge as a whole, certainly a new trial should have been granted. This being not only conceded, but alleged, by appellant, he is not in a position to complain of the circuit court's ruling upon the plaintiff's application.

Again, one of the statutory grounds designated in the notice of intention was insufficiency of the evidence to justify the verdict. The order does not specify upon what ground it was based. An order granting a new trial on the ground of insufficiency of the evidence will be reversed only where there has been manifest abuse of discretion. Thomas v. Fullerton, 13 S. D. 200, 83 N. W. 45; Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; Morrow v. Letcher, 10 S. D. 33, 71 N. W. 139; Hodges v. Bierlien, 4 S. D. 258, 56 N. W. 811; Alt v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 147, 60 N. W. 743.

It is undisputed that a short time before Mr. White died the

directors of the plaintiff corporation met at his request, and recorded the following motion: "Mr. E. May moved that the company buy the assay outfit and survey instrument of Mr. White, and reimburse him for the past use of such for the balance of $1,309.39 now to the credit of the company. This motion was seconded and carried." On a former appeal it was held that this record was admissible, and that it was competent for the plaintiff's board of directors to settle the accounts of its treasurer in such manner as it might deem for the best interests of the corporation. Mining Co. v. White, 10 S. D. 475, 74 N. W. 236, 42 L. R. A. 549. "An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled. Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed. Acceptance, by the creditor, of the consideration of an accord, extinguishes the obligation, and is called satisfaction." Comp. Laws, §§ 3483-3485. The record of the director's meeting was convincing evidence of an agreement to accept Mr. White's property in extinction of his obligation, but such record was not in itself sufficient evidence of an acceptance of the property. Other evidence was required to show that the accord was fully executed. There was evidence tending to prove that when the directors met, the treasurer was upon his deathbed; that he was anxious to have his obligation to the corporation extinguished; that a director who was secretary of the corporation, and who was a personal friend of the treasurer, at his request delivered to the president of the corporation a slip of paper containing the amount supposed to be due the corporation as shown by the treasurer's books; that upon receiving the slip the meeting of the directors was convened, and the action taken as heretofore stated; that at the time

of the meeting the whereabouts of the property was known to the directors and officers of the corporation; that none of it was actually delivered, but was accessible to the officers of the corporation; and that subsequently part of it was deposited at the office of the president, who refused to receive it. Such refusal, however, was subsequent to Mr. White's death, and after certain stockholders of the corporation had manifested their disapproval of the settlement. In view of the relation of the deceased and the other directors, and the situation of the property, it is difficult to determine whether or not there was an acceptance within the meaning of the statute. As between the parties, "the title to personal property, sold or exchanged, passes to the buyer whenever the parties agree upon a present transfer, and the thing itself is identified, whether it is separated from other things or not." Comp. Laws, § 3257. In the sale or exchange of personal property there may be transfer of title without transfer of possession. So in the execution of an accord, there may be transfer of title without transfer of possession—an acceptance without delivery, either actual or symbolical. The real issue is one of intent. If the parties agree that the consideration of the accord shall be the property of the creditor, at its present place and in its present condition, there is an acceptance. Whether, in any case, such is the intention of the parties, should be determined by consideration of the nature of the property, conduct of the parties, and all the circumstances attending the transaction. In this class of cases the distinction between an agreement to accept and an acceptance should be carefully drawn, and what constitutes an acceptance should be carefully defined. As we view the evidence, there was room for controversy touching the matter of acceptance, had that issue been clearly and accurately defined by the court's charge. It was not so defined, and there was clearly no abuse of discretion in granting a new trial.

The order appealed from is affirmed.