## CLIFFORD V. LATHAM.

Where, in a suit against an attorney to declare a resulting trust in certain land purchased by the attorney, complainant testified that he was the owner of a tax deed on the premises, and employed the attorney to procure for him the outstanding title, which the attorney afterwards obtained for himself, but he testified that he had been regularly retained to protect the adverse interests, and to sue to set aside complainant's tax deed, and unequivocally denied that he was ever employed by complainant, an order granting defendant a new trial after an adverse decree was not such an abuse of discretion as justified a reversal thereof on appeal.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Faulk county; Hon. JULIAN BENNETT, Judge.

Suit by Edwin C. Clifford against D. H. Latham. From an order granting defendant a new trial, plaintiff appeals. Affirmed.

*Frank Turner*, for appellant.

*J. H. Bottum* and *D. H. Latham*, for respondent.

FULLER, J. On the facts found at the trial of this action, involving certain Faulk county land, to which the defendant had obtained title, the court declared an involuntary trust thereof in favor of plaintiff, and decreed "that the defendant, D. H. Latham, make, execute, acknowledge, and deliver to the plaintiff herein a good and sufficient special warranty deed, conveying to plaintiff, Edwin C. Clifford, the said northwest quarter of section twenty-six in township one hundred and twenty north, of range sixty seven west of the fifth principal meridian, and that said deed contain covenants against any act done, suffered, or performed by defendant, or any one

claiming or to claim under him, the said defendant, Latham.''
For the purposes of this appeal from an order granting a new
trial, it need only be said that appellant held a tax deed to the
premises, and, consistently with the complaint, stated upon
the witness stand that he engaged respondent, an attorney at
law, to procure for him the outstanding title, which he after-
ward obtained for himself.   Respondent maintained and testi-
fied unequivocally that he never was thus employed, but, on
the contrary, was regularly retained to protect the interests of
adverse parties by bringing an action to set aside the above-
mentioned tax deed and foreclose a certain mortgage, with all
of which appellant was perfectly familiar when he made a
proposition of settlement that respondent agreed to submit to
his clients for their approval, and which they had refused to
accept prior to the procurement of his deed.

It being discretionary to grant or refuse a motion for a new
trial based upon the insufficiency of the evidence, the action of
the trial court, where the testimony is conflicting, as in this
case, must be affirmed on appeal unless there is an abuse of
judicial discretion, and none is disclosed by the record before
us.   It has been thus determined so frequently by this court
that reference to the cases is unnecessary, and ''a clearer case
is required to authorize the reversal of an order granting a
motion for a new trial than is required to reverse an order
overruling such motion.''   Grant v. Grant, 6 S. D. 147, 60 N.
W. 743.

The order appealed from is affirmed.