## DICKINSON et al. v. HAHN.

A verdict on conflicting evidence will not be reviewed further than to determine whether the successful party has given sufficient legal evidence to sustain the verdict without regard to the evidence given by his opponent.

Plaintiffs agreed with defendant to assist him in procuring for sale on commission, lands in H. county, and in making sales for which plaintiffs were to receive $1 an acre on the land previously listed by defendant and one-half of the commissions of the sale of any lands subsequently listed by either of the parties. **Held** that, if either of the plaintiffs rendered any assistance in listing land that was subsequently sold by either plaintiffs or defendant, plaintiffs were entitled to compensation at the rate of $1 an acre if the land sold had been previously listed by defendant, otherwise to one-half the commissions received on the sale.

In an action for a division of brokers' commissions, whether plaintiffs received from defendant $100 in full settlement or merely on account of commissions to which they were entitled **held** for the jury.

(Opinion filed, February 24, 1909.)

On petition for rehearing. Granted. Former decision (19 S. D. 525, 104 N. W. 247) set aside, and judgment of trial court, Hon. FRANK B. SMITH, Judge, affirmed.

CORSON, J. This case is before us on petition for rehearing. The case was decided at a former term of this court, and is reported in 19 S. D. 525, 104 N. W. 247. The majority of the court was at that time of the opinion that the judgment of the circuit court and order denying a new trial should be reversed on the ground that the evidence was insufficient to establish plaintiff's claim for services rendered by them. In view of the fact that one of the judges dissented and that the judgment in favor of the plaintiffs and order denying a new trial was reversed on the sole ground that the evidence was insufficient to sustain the verdict, a rehearing was ordered, and upon a review of the case the court has reached the conclusion that in its former opinion it did not give sufficient weight to the testimony on the part of the plaintiffs, and that there was such a conflict in the evidence as to render the verdict of the jury upon the weight of the evidence and as to the credibility of the witnesses conclusive upon this court.

As will be observed from the statement of the case in the opinion rendered, the action was instituted by the plaintiffs to recover their share of commissions earned by themselves in the listing and sale of certain tracts of land in Hanson county. The controversy arose over the commissions earned or profits received by the defendant on the sale of three designated tracts of land. Upon a review of the evidence, it is quite clear that the court in its opinion overlooked or did not give sufficient attention to the testimony on the part of the plaintiffs in the action, and that it attached too much weight and importance to the testimony on the part of the defendant when the nature of the contract between the parties is taken into consideration. All or nearly all of the evidence on the part of both the plaintiffs and the defendant was in conflict, and, there being such conflict in the evidence, the weight to be given to it and the credit to be given to the witnesses, respectively, did in our present view present a case for the determination of the jury, and that their findings and conclusions from the evidence ought not to have been disturbed by this court. The rule applied by this court in reviewing cases tried by a jury is thus stated in Jeansch v. Lewis et al., 1 S. D. 609, 48 N. W. 128, following the rule laid down by the Territorial Supreme Court in

Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728: "Where, in a case tried before a jury, the evidence is conflicting, this court will not weigh the evidence or go further than to determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict without regard to the evidence, given on the part of the other party, except so far as such evidence tends to sustain his case." While a trial court is authorized on a motion for a new trial to grant such motion upon the ground that in its opinion the verdict is against the weight of the evidence, and for the purposes of determining that question will take into consideration the whole evidence in the case, this court in reviewing the decision of the trial court can only go so far as to determine whether or not the plaintiff has given sufficient legal evidence to justify the jury in finding a verdict in his favor, regardless of the evidence on the part of the defendant, except so far as the same may tend to support the plaintiff's case. The reason for the distinction as to the powers of the trial court and this court is that the trial court or judge, having heard the evidence of the witnesses, observed the manner in which their testimony is given is quite as capable of judging of the weight to be given to the evidence and the credit to be given to the witnesses as are the jurors, and is therefore able to determine as to the weight to be given to the evidence, and hence, if that court taking into consideration all the evidence grants a new trial, its decision will not be disturbed by this court, except in a case where that court has abused its discretion. This court, however, does not have the advantage of hearing the testimony of the witnesses or of observing the manner in which their testimony is given, and has no means of judging of the weight that should be given to the evidence or the credit to be given to the witnesses, and hence, when this court finds that there is sufficient evidence, if uncontradicted, to support the verdict, it will not disturb the same, notwithstanding the evidence on the part of the defendant may apparently seem to entitle him to a verdict. Upon a re-examination of the evidence in the case at bar, it is quite clear that the testimony of the plaintiffs, if believed by the jury, was sufficient to sustain their verdict, and, that being so, this court was not authorized to reverse the judgment of the trial court upon the ground

that the weight of the evidence is apparently against such verdict.

We are also of the opinion that the court in its former decision did not give the proper construction to the contract of the parties as testified to by the plaintiffs. The contract, as claimed by the plaintiffs, was that they agreed with the defendant to assist him in listing and procuring for sale on commission lands in Hanson county, and to aid and assist in making sales of such lands for which they were to receive for their compensation $1 per acre on the lands previously listed by the defendant and a sum equal to one-half of the commissions that should be made or received on the sale of any lands subsequently listed by either of the parties. It would seem that a fair construction of this agreement is that, if either of the plaintiffs rendered any assistance in listing land that was subsequently sold by either plaintiffs or defendant, they were entitled to their compensation, and, if they rendered any assistance in the selling of land listed by the defendant prior to the agreement, plaintiffs were to have $1 per acre and on such lands as should be subsequently listed and sold one-half of the profits or commissions received on the sale of the same. Isiah Dickinson, one of the plaintiffs, testified as follows: "The arrangement with Mr. Hahn was that lands that we listed together, and either of us sold, we were to divide the commissions, and lands that we had already listed we were to receive one dollar an acre. I do not think we were to take land separately. Any land that was listed after that should be sold by the company; any new lands that we should list, either of us." He further testified: "We had no arrangement about doing separate business. We were not to list land separately. If I went out and listed lands, it was to go into Mr. Hahn's benefit." It would seem, therefore, from the agreement entered into between the parties, that as to any land that had been listed with the defendant prior to the agreement and unsold and in the sale of which the plaintiffs assisted they were to receive $1 an acre commission when sold, and that, as to any lands that might be listed after the agreement was made, they would receive one-half of the commissions or profits on the sale. There seems to be no controversy as to plaintiff's commission on the Bard tract, so called, but only as to the settlement made therefor.

As to whether or not there were profits on the sales of the other two tracts of land, there is a conflict in the evidence. As to one of the tracts, the plaintiff Dickinson testified "that Hahn told him he received a profit of $300," and, as to the third tract, it was claimed by the plaintiffs, and there was evidence tending to prove, that there was a profit of between $300 and $400. It is true the defendant denied the right of the plaintiffs to participate in these profits except in the one instance of the Bard land, and denied that plaintiff assisted in the sale as to the second tract, and denied that the plaintiffs assisted in making the sale of the third tract. But it appears from the evidence that the latter of these two tracts of land was listed, or at least the right to sell same was secured, subsequently to the making of the contract, and under its terms it was not material, if such was the fact, that neither of the plaintiffs did actually assist in making the sale, as the sale, if made by either party, inured to the benefit of both parties, and the jury might have reasonably found that the plaintiffs were entitled to share equally with the defendant any commissions or profits made upon this sale, and as to the amount of the profits or commissions so actually earned.

It also appears from the evidence that the plaintiffs received $100 from the defendant which he claimed was in full settlement of the commission to which the plaintiffs were entitled, but the plaintiffs, while admitting that they received the said amount, deny that it was in full settlement of their claim, and whether it was or was not so received in full satisfaction was for the jury to determine upon the evidence before them, and it is quite apparent from the verdict of the jury that they found against the defendant upon that issue.

We are of the opinion, therefore, that in view of this conflict in the testimony, this court went too far in holding that $100 was received in full settlement of the plaintiffs' claim, and that the verdict was wholly unsupported by the evidence. We have not deemed it necessary to reproduce all or any considerable part of the evidence on the part of the plaintiffs, but we are satisfied from a review of the same that this court erred in reversing the judgment of the court below.

These views of the court lead to the disaffirmance of the former decision of this court and the affirmance of the judgment and order denying a new trial, and the said judgment and order denying a new trial are therefore affirmed.