HACKETT, Appellant, v. STRAW et al., Respondents.

(144 N. W. 655.)

1. **Appeal—New Trial—Sufficiency of Evidence—Granting New Trial—Discretion.**

   Where a new trial is granted for insufficiency of evidence, or on that among other grounds, the trial court's ruling will not be disturbed, except for manifest abuse of discretion.

2. **Appeal—New Trial—Instructions—Sifting Rejected Instructions— Burden of Showing Error.**

   On appeal from an order granting a new trial on defendant's motion, where instructions requested by him, covering seven printed pages, were not separated nor numbered, and their proper review would require a comparison of them with instructions given, the Supreme Court will not sift out the rejected instructions, eliminate the portions covered by those given, and determine what part, if any, of the remainder should be given, but will assume that, in the trial court's judgment, some portion of the instructions requested were not sufficiently covered by those given.

3. **Trial—Instructions—Requests—Separating and Numbering Instructions.**

   A party requesting the giving of instructions should separate them, so that each one will cover but a single matter, and give each one a separate number, so that it may be considered by itself, and referred to by its number.

4. **Brokers—Action for Commission—Testimony Explaining Writing—Materiality.**

   In a broker's action for commissions, a letter was in evidence relating to a land deal between defendant's witness on the stand, who had been acting as agent of the purchaser of defendant's land, and such purchaser, which letter, if it related to the transaction involved, tended strongly to show that plaintiff had abandoned his efforts to make a sale to such purchaser before his purchase direct from defendant. Plaintiff had tes-

tified that it related to a different land deal. **Held,** error to exclude witness' evidence as to the matters contained in the letter.

(Opinion filed December 20, 1913.)

Appeal from circuit court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by F. M. Hackett against Agnes L. Straw and another, to recover for a broker's commission on sale of land. From an order granting a new trial after a verdict for plaintiff, he appeals. Affirmed.

*J. O. Berdahl,* and *Boyce, Warren & Fairbank,* for Appellant.

The assignment that the court erred in not giving the instructions requested by the defendant is not tenable, as the instructions given covered all of the issues in the case. Furthermore the instructions given are as favorable to the defendant as those requested by the defendant, and embrace the same propositions upon which instructions were requested.

Under no assignment of error or any view of the case was the court justified in granting a new trial. We understand that the new trial was granted on the ground that the facts proven were not sufficient to sustain the verdict. It appears that the undisputed evidence was sufficient to take this case to the jury, and by the decision of the jury all of the facts in dispute were decided in plaintiff's favor, and the evidence has to that extent been aided by the verdict, and under such circumstances the court clearly erred in granting a new trial.

*Morris & Caldwell,* for Respondent.

The evidence as to several important and determining features of the case was conflicting. An application for a new trial on the ground of insufficiency of the evidence, is addressed to the sound discretion of the trial court, and the ruling thereon, in a case in which the evidence is conflicting, will not be reversed by the supreme court in the absence of manifest abuse of discretion, and a stronger showing will be required for a reversal of that order when a new trial is granted, than when it is refused. The evidence was insufficient to justify the verdict. Howie v. Bratrud, (S. D.) 86 N. W. 747.

The court erred in sustaining the objection of the plaintiff to the question asked of defendants' witness, C. H. Mumby, as

set forth in respondent's third assignment of error. Vol. 7 Enc. of Evidence, 149-150-151, and cases there cited.

POLLEY, J.   In this action plaintiff and appellant seeks to recover a commission for the sale or exchange, claimed to have been brought about by plaintiff, of certain real estate owned by one of the defendants.   Defendants deny that the transaction in question was the result of plaintiff's efforts, or that the deal was made with a party procured by plaintiff, and allege that the deal was negotiated by defendants, without any assistance on the part of plaintiff.   The case was tried to a jury, who returned a verdict for the full amount claimed by plaintiff.   On defendants' motion, the verdict was set aside, and a new trial granted, and the cause is here on appeal from the order granting a new trial.

[1]   The testimony relative to the extent of the services rendered by appellant is very conflicting, and one of the grounds upon which the motion for a new trial was based is the insufficiency of the evidence.   If the motion was granted on this ground, or this among other grounds, the ruling of the trial court will not be disturbed, except upon manifest abuse of the discretion vested in the trial court.   No such abuse is shown, and what is said on this subject in Root et al. v. Bingham 26 S. D. 118, 128 N. W. 132, is decisive in this case.   See, also, Clark Implement Co. v. Wadden et al., 29 S. D. 195 136 N. W. 111; Alt v. C. &. N. W. Ry. Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 147, 60 N. W. 743; Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811.

[2, 3] At the close of the evidence, defendants requested certain instructions to the jury, which were refused by the court. This refusal is urged as error. These requested instructions cover some seven pages of the printed record.   They are not separated nor numbered, and it would not be proper to pass upon them except as viewed in relation to the instructions that were given, and to do this would require the court to sift out the whole of the rejected instructions, eliminate the portions that are covered by the instructions that were given by the court, and then determine what part, if any, of the remainder should be given, and what rejected.   This the court does not feel called upon to do, but shall assume that, in the judgment of the trial court, some

portions of the instructions requested were not sufficiently covered by the instructions given. And it will not be out of place at this time to say that, when a party makes request for the giving of certain instructions to the jury, he should separate his instructions, so that each one will cover but a single matter, and give each one a separate number, so that it may be considered by itself, and referred to by its number.

[4] During the trial a witness for defendants was interrogated relative to the matters contained in a certain letter that had already been admitted in evidence. The contents of the letter related to a land deal between the party who purchased defendants' real estate and the witness on the stand, who had been acting as agent for said purchaser. It was not quite clear whether the transaction referred to in the letter was the one that is the subject of this action or not. Plaintiff had testified that it referred to a land deal in Minnesota, but objected to the testimony of the witness in regard to this transaction, on the ground that it was immaterial. The objection was sustained, and this ruling of the court is assigned as error. Whether oral evidence was competent to explain the contents of this letter or not is not the question presented; but the testimony sought to be elicited certainly was material, because, if the transaction referred to in the letter was the one that is the subject of this action, it tended very strongly to show that the plaintiff had abandoned all efforts to make the sale of plaintiff's property to the party who subsequently purchased it from the defendants without the plaintiff's knowledge, and it was error for the court to exclude this evidence.

It is contended by respondents that the evidence adduced at the trial was insufficient to support the verdict; but, as the case will be retried, and other or additional evidence may be furnished by the plaintiff, we refrain from expressing any opinion as to the weight of the evidence at the former trial.

The order appealed from is affirmed.