BLEWETT, et al, Appellants, v. HENDRY, Respondent.

(156 N. W. 795.)

(File No. 3838. Opinion filed March 13, 1916. Rehearing denied May 27, 1916.)

**Appeals—Review—Granting New Trial—Rule—Abuse of Discretion.**
    An order granting a new trial for insufficiency of evidence involves judicial discretion, and will not be reversed except for abuse of discretion; and a stronger case must be made to justify reversal than for an order denying a new trial.

Appeal from Circuit Court, Moody County. Hon. Joseph W. Jones, Judge.

Action by Allen F. Blewett and another, against James Hendry, to recover a broker's commission on a sale of realty. From an order granting a new trial after verdict and judgment for plaintiffs, they appeal. Affirmed.

*Kirby & Kirby,* for Appellant.

*Rice & Benson,* for Respondent.

GATES, J. Action for brokers' commission on the sale of real estate. Verdict and judgment were rendered for plaintiffs. A new trial was granted because in the opinion of the trial court plaintiffs' evidence "was not sufficient to justify the jury in returning a verdict in their favor, and that the court erred in not granting defendant's motion to direct the jury to return a verdict in his favor."

From such order plaintiffs appeal. Such order made for the reasons specified is one involving the discretion of the court. Rochford v. Albaugh, 16 S. D. 628, 94 N. W. 701. As has been frequently stated, such an order will not be reversed, unless an abuse of discretion appears. Furthermore, as has been just as frequently stated, a stronger case must be made to justify this court in reversing an order granting a new trial than one denying a new trial. Appellants' contention that this order was one involving simply a question of law—such as an order granting a new trial solely for error in refusing to admit evidence (Sandmeyer v. Dak. F. & M. Ins. Co., 2 S. D. 346, 50 N. W. 353)— is unsound.

A consideration of the evidence fails to convince us that the trial court abused its discretion in granting a new trial.

The order appealed from is affirmed.