PALMER, Trustee, Appellant, v. CITY NATIONAL BANK OF HURON, S. D., Respondent.

(173 N. W. 730).

(File No. 4494.   Opinion filed August 15, 1919.)

**Trials—Evidence Immaterial Conflict In, Sufficiency Of—Granting New Trial, Whether Abuse of Discretion.**

Where there is little, if any, conflict in evidence, but it is of such a nature that reasonable minds might differ as to ultimate conclusion to be drawn therefrom, granting of new trial is not abuse of discretion.

Appeal from Circuit Court, Spink County.   Hon. Alva E. Taylor, Judge.

Action by A. W. Palmer, as Trustee, against the City National Bank of Huron, S. D., to recover upon a promissory note. From a judgment for plaintiff, and from an order granting a new trial, plaintiff appeals.   Affirmed.

*Morris & Moriarty,* for Appellant.

*W. F. Bruell,* for Respondent.

McCOY, J.   The plaintiff, as trustee in bankruptcy of one Johnson, brought this suit to recover from defendant, City National Bank of Huron, the amount of a certain promissory note owing by said Johnson to defendant.   Plaintiff alleged that on the 17th day of October, 1916, at the time said Johnson paid said note to defendant, the said Johnson was insolvent; that thereafter on November 8, 1916, said Johnson was adjudged a bankrupt; that at the time said payment was made said bankrupt and the agent of defendant who received the payment knew that said payment constituted a preference, and then and there knew that Johnson owed other debts to other creditors, for the payment of which said Johnson had no sufficient money or property. Defendant answered admitting the payment of said note, but denied that said Johnson was then insolvent, or that it or its agent who received the said payment had any knowledge of the insolvency of Johnson, if such was the case.   On the trial verdict was rendered in favor of plaintiff.   Defendant thereafter made motion for new trial on the grounds of errors in law alleged to have been committed on the trial, and for insufficiency of the evidence to sustain the verdict.   Appeal is taken by the plaintiff from the order granting defendant a new trial.

It is the contention of the appellant that the trial court abused its discretion in granting a new trial. While it is conceded by both parties that there is but little, if any, material conflict in the evidence, still we are of the view that the evidence is of such a nature that reasonable minds might differ as to the ultimate conclusion to be drawn therefrom. The trial court heard all the evidence and observed the manner of testifying of all the witnesses, and has granted a new trial. Under such circumstances, we are of the view that there was no abuse of discretion on the part of the court by so doing.

Finding no error in the record, the order appealed from is affirmed.