Note.—Reported in 205 N. W. 614. See, Headnotes (1) and (2), American Key-Numbered Digest, States, Key-No. 191(2), 36 Cyc. 917; (3) States, Key-No. 191(1), 36 Cyc. 918; (4) and (5) Courts, Key-No. 206(17 1-16), 15 C. J. Sec. 550; (6) States, Key-No. 168½, 36 Cyc. 921 (Anno.); (7) States, Key-No. 207(3), 36 Cyc. 909; (8) Taxation, Key-No. 23, 37 Cyc. 720; (9) Taxation, Key-No. 99¼, 37 Cyc. 1588.

---

MISEL, Appellant, v. COTTONWOOD LIVE STOCK & LOAN COMPANY, Respondent.

(205 N. W. 663.)

(File No. 5518. Opinion filed October 28, 1925.)

1. **Appeal and Error—New Trial—Grant of New Trial Discretionary, and Not Disturbed Unless Abuse Shown.**

   Trial courts have wide discretion in granting new trials, and exercise of such discretion will not be disturbed except in case of manifest abuse.

2. **Appeal and Error—New Trial—Stronger Case Must Be Made to Reverse Order Granting New Trial Than in Case Order Refused.**

   Stronger case must be made to justify reversal of order granting new trial than in case the order refused application.

3. **New Trial — Findings — Appeal and Error — Finding of Deed After Trial, Where Denial of Signature on Deed Was Made, Held Ground for New Trial.**

   In action to quiet title, where defendant, after diligent search, went to trial without deed purported to have been executed by plaintiff, and jury found, after testimony by plain-

tiff, that he did not sign deed, and deed was later found after continued search, granting new trial held not abuse of discretion, in view of Rev. Code 1919, Sec. 2555, subd. 4.

Appeal from Circuit Court, Jackson County; HON. JOHN G. BARTINE, Judge.

Action by Joseph W. Misel against the Cottonwood Live Stock & Loan Company, Inc. Judgment for plaintiff, and, from an order granting a new trial, plaintiff appeals. Affirmed.

*Johnson & Johnson,* of Pierre, for Appellant.

*Buell, Denu & Philip,* of Rapid City, and *Philip & Waggoner,* of Philip, for Respondent.

(1) To point one of the opinion, Respondent cited: Zarneke v. Kitzman, 44 S. D. 295, 183 N. W. 867; State ex rel Berndt v. Templeton (N. D.), 130 N. W. 1009; Longley v. Daley, 1 S. D. 257, 46 N. W. 247; Alderson v. Larson, 28 S. D. 369, 133 N. W. 809; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960; McGregor v. G. N. Ry. Co. (N. D.), 154 N. W. 261; Altfillisch v. Smith, 45 S. D. 68, 185 N. W. 968; Whitney Loan & Trust Co. v. Brown, 42 S. D. 95, 172 N. W. 875; Keck v. Kavanaugh (N. D.), 177 N. W. 99, 20 R. C. L. 290; Clark v. Pelter (S. D.), 195 N. W. 442.

(3) To point three, Appellant cited: Berry v. Howard et al, 33 S. D. 447.

BURCH, C. Plaintiff brought this action to quiet title to a quarter section of land in Jackson county, S. D. The complaint alleges that plaintiff is the owner in fee of the said tract; that it is his homestead; that the defendant claims interest in the land by reason of a purported deed made by the plaintiff and his wife to the defendant; that the deed is without consideration; that it was never in fact executed and delivered by the plaintiff and his wife; that, if it contains the signature of plaintiff and wife, it was executed in blank and before a description of the land was inserted, and the description was inserted thereafter without any authority, written or otherwise, from the plaintiff; that, if it was procured, it was under the representation that it was to be given only as collateral to divide a loan already existing and not intended as a deed or mortgage; that the defendant represented the in-

strument was not to affect the title to any of plaintiff's land; that the plaintiff did not know or understand that he signed an instrument intended to be a deed or mortgage; and that plaintiff was advised by defendant that such instrument was a part of his chattel securities.

The answer is a general denial with a counterclaim alleging the deed was intended as security for a debt and in effect a mortgage, and asks a foreclosure. While the action is one in chancery, the issue of fact was tried to a jury, and in a special verdict the jury found that the plaintiff and his wife did not sign the instrument. Defendant went to trial without having in its possession the original deed; the proof of the instrument being made by using the record of the deed in the register of deeds office. The court made findings of fact and conclusions of law adopting the jury's finding, and entered judgment in favor of plaintiff. Defendant moved for a new trial on the ground of newly discovered evidence; the newly discovered evidence being the original deed. The motion for new trial was supported by affidavits showing that the defendant had made diligent search for the original instrument prior to the trial, having searched all files of the defendant company and of the Cottonwood State Bank where the company had its principal office, but were unable to find the original deed. That, after the trial of the case, and after the plaintiff had testified that he had not placed his signature upon the instrument, defendant made further search for the said deed, but was unable to find it in any of the files of the company or of the said bank, but finally, in a search extending over several days, the original deed was found in a basement of the bank building containing old and discarded files of the bank and of the company. The court sustained the motion, set aside the judgment and findings of the court, and granted a new trial, and, from this order, plaintiff appeals. In this state a new trial may be granted on—
"newly discovered evidence, material to the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." Subdivision 4, § 2555, R. C. 1919.

[1, 2] Trial courts have a wide discretion in granting new trials, and the exercise of such discretion will not be disturbed except in case of manifest abuse. Longley v. Daly, 1 S. D. 257,

46 N. W. 247; Breeden v. Martens, 21 S. D. 357, 112 N. W.
960; Whitney Loan & Trust Co. v. Brown. 42 S. D. 95, 172 N.
W. 875; Clarke v. Pelter, 46 S. D. 595, 195 N. W. 442. A strong-
er case must be made to justify the reversal of an order granting
a new trial than in case the order refuses the application. Alder-
son v. Larson, 28 S. D. 369, 133 N. W. 809.

[3]    The record discloses that plaintiff in his testimony de-
nied *signing* the deed.  The jury in its special verdict found the
deed had not been *signed* by plaintiff and his wife.  The complaint
does not squarely present this issue.  It does not allege that plain-
tiff did not *sign* the deed; it alleges the deed "was never in fact
executed and delivered by the plaintiff and his wife," and ex-
plains why it is not operative as a deed, althought it may contain
the signatures of plaintiff and his wife.  It is indefinite, uncer-
tain, and apparently inconsistent, in that it pleads that the deed
was without consideration; that it was signed in blank; that it
was signed before the description was inserted; that it was signed
under a representation that it was to be collateral; that it was not
intended as a deed or mortgage, and not to affect the title to
plaintiff's land; and that it was procured by fraud.  A man could
not distinctly remember that he did not sign the deed and at the
same time distinctly remember the circumstances and conversa-
tions surrounding the transaction if he did sign it.  The inference
to be drawn from the complaint is that, while plaintiff does not
remember signing the deed, he does remember the details of a
transaction when he signed or thinks he signed an instrument
which defendant now claims is a deed.  On the trial he denies
signing the instrument and makes no other defense against it.
If he is mistaken and his signature is in fact on the deed, then
there has been a miscarriage of justice.  The deed was highly
material, if not essential, upon this issue.  The handwriting might
easily be the determining factor in the conflicting testimony.  If
the complaint had squarely presented this issue, diligence might
have required an exhaustive search for the original instrument.
As it stood, defendant was not negligent in risking trial after a
diligent search through all the files where it would be likely to
find the deed, believing it would have to meet only hazy and un-
certain recollection on the part of plaintiff as to the signing.  If
the original instrument will disclose who is telling the truth in

this respect, the court ought to have it in evidence. The trial court heard the evidence and is the judge of the facts. He has granted a new trial, thereby indicating that in his opinion the newly discovered evidence is likely to produce a different result. We conclude that the record does not disclose an abuse of discretion in sustaining defendant's motion.

The order of the circuit court granting a new trial is affirmed.

Note.—Reported in 205 N. W. 663. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 977(3), 4 C. J. Sec. 2813; New Trial, Key-No. 6, 29 Cyc. 1032; (2) Appeal and Error, Key-No. 977(3), 29 Cyc. 1031; (3) New Trial, Key-No. 100, 29 Cyc. 1032.