CALDWELL, Appellant, v. CALDWELL, Respondent.

(207 N. W. 461.)

(File No. 5882.   Opinion filed February 24, 1926.)

**Appeal and Error—Presumptions.**

> An order granting new trial for insufficiency of evidence will not be reversed, where presumption that court was justified in granting new trial was not overcome.

Appeal from Circuit Court, Hanson County; Hon. M. Moriarty, Judge.

Action by Jennie D. Caldwell against W. A. Caldwell. Decree for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

*H. G. Giddings,* of Mitchell, for Appellant.

*Frank Vincent,* of Alexandria, and *E. E. Wagner,* of Mitchell, for Respondent.

Respondent cited: Morrow v. Letcher, 10 S. D. 33; Thomas v. Fullerton, 13 S. D. 199.

DILLON, J. This appeal is from an order granting a new trial. One of the grounds for the application is insufficiency of the evidence.

Plaintiff sought to obtain a divorce upon the grounds of cruelty and inhuman treatment. Defendant answered, and the trial was commenced upon the issues thus joined. The trial judge, being convinced that a reconciliation could not be effected, and that it would become the duty of the court to grant a divorce to one party or the other, suggested that the attorneys agree upon a property settlement. This was not accomplished, though they did agree upon a statement of defendant's property and his obligations. This statement was admitted as Exhibit A. The plaintiff, at the suggestion of the trial judge, withdrew the charge of adultery, and asked permission to rewrite the complaint so as to eliminate the name of the woman with whom it was claimed improper relations were had. Defendant then asked permission to answer by general denial, admitting the marriage and residence of the parties. The defendant introduced no evidence, and, after hearing the evidence submitted by plaintiff, the court made its findings of fact and conclusions of law, and, in accordance therewith, granted plaintiff a divorce and awarded her alimony.

As shown by Exhibit A, the total value of defendant's property totaled $41,000, and consisted of a half interest in a garage, the value of the half interest being $6,000; a residence of the value of $5,000; a quarter section of land valued at $12,000; a quarter section of land valued at $16,000; and personal property valued at $2,000. Defendant's liabilities, as shown by said exhibit, totaled $12,400, and included a $5,000 mortgage against the quarter section of land valued at $12,000. In awarding alimony, the trial judge, with the exception of the quarter section of land valued at $16,000, awarded all of the above described property to plaintiff. The property so awarded to plaintiff was to be free of all incumbrance with the exception of the $5,000 mortgage against the quarter section valued at $12,000. Defendant then moved for a new trial ,and, after a consideration of the arguments presented on the motion for a new trial, the court ordered that, unless the parties stipulate that the decree be modified so that defendant would pay plaintiff $75 a month as alimony, and make such alimony a lien on the property of defendant, subject to his right to incumber the quarter section of land for not to exceed $8,000 (in order to pay his debts), and give to plaintiff the home and household goods, a new trial would be granted. Plaintiff refused to accept the decree as modified, and the lower court entered an order vacating and setting aside the findings of fact and conclusions of law, and granting a new trial upon all of the issues of the case. It is from such order that plaintiff now appeals.

Alt v. Chicago & Northwestern Ry. Co., 57 N. W. 1128, 5 S. D. 20:

"An application for a new trial upon the ground of the insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion;" and "a stronger case must be made to justify the interposition of an appellate court when a new trial has been granted than when it has been refused.

See Morrow v. Letcher, 71 N. W. 139, 10 S. D. 34.

The application for a new trial was made upon the ground, among others, of insufficiency of the evidence and "an order granting a new trial on the ground of insufficiency of the evidence will be reversed only where there has been manifest abuse of discretion." Thomas v. Fullerton, 83 N. W. 45, 13 S. D. 199.

We fail to find anything in the record to overcome the presumption that the lower court was justified in granting a new trial on the ground that the evidence was insufficient to sustain the judgment.

The order of the lower court is affirmed.

CAMPBELL, J., concurs in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

Note.—Reported in 207 N. W. 461. See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 948, 4 C. J. Sec. 2754.