## WILLIAMS, Respondent, v. RICE, Appellant.

### (209 N. W. 958.)

(File No. 5655.   Opinion filed July 23, 1926.)

**1.   Appeal and Error—New Trial.**

Application for new trial on grounds of insufficiency of evidence to support verdict is addressed to sound discretion of trial court, which will not be reviewed, except for manifest abuse.

**2.   Appeal and Error.**

A clearer case is required to authorize reversal of an order granting a new trial than is required to reverse an order overruling such motion.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Appeal and error, Key-No. 979(1), 4 C. J. Sec. 2816, New Trial, Key-No. 70, 29 Cyc. 1009; **(2)** Appeal and error Key-No. 977(3), 4 C. J. Sec. 2813.

Appeal from Circuit Court, Miner County; HON. ALVA E. TAYLOR, Judge.

Action by David Williams against Elmo C. Rice. Judgment for plaintiff, granting insufficient relief. From an order granting plaintiff's motion for a new trial, defendant appeals. Order affirmed.

*Porter & Porter,* of Madison, for Appellant.
*Ira F. Blewitt,* of Madison, for Respondent.

DILLON, J. This is an action to recover on a promissory note.

Plaintiff sold to defendant an automobile, and, in payment therefor, received from defendant an old car, valued at $250 and defendant's note for $1,300, which is the note being sued upon. Defendant answered the complaint, admitting the execution and delivery of the note, but alleging misrepresentation and breach of warranty on the part of plaintiff, and by way of counterclaim alleged damages in the amount of $1,550. The case was tried to a jury.

The jury was instructed as follows:

"* * * Two forms of verdict will be given you, one in favor of plaintiff and one in favor of defendant. Select the one that

meets with your conclusion; if for the plaintiff, you should insert therein the amount you find in plaintiff's favor."

The verdict of the jury was:

"We, the jury, * * * find for the plaintiff upon all of the issues, and assess his damages at the sum of $200, and allow the plaintiff both cars, and the plaintiff is to cancel the note for the sum of $1,300 held by plaintiff at this time."

No judgment was entered upon the verdict, and plaintiff served notice of intention to move for a new trial upon the following grounds:

"(1)   Insufficiency of the evidence to justify the verdict.

"(2)   That verdict is against law, and contrary to evidence and the instructions of the court.

"(3)   Errors in law occurring at the trial and excepted to by plaintiff."

The trial court granted plaintiff's motion for new trial for the following reasons: (1) For the reasons set forth in the plaintiff's intention to move for a new trial. (2) For the reason that the verdict is not responsive to the issues raised by the pleadings, and rests upon both an affirmation and a rescission of the contract for the sale of the car in question in this case, and for which car defendant gave plaintiff the note in question in this action. (3) For the reason that the verdict is contrary to the instructions and to the law, and would not in the opinion of the court support a judgment. (4) For the reason that, in the opinion of the court, under the circumstances in this action, all things being considered, the ends of justice will be best conserved by granting a new trial. (5) That the verdict in the form rendered is not supported by the evidence, and the evidence is insufficient to justify the verdict.

[1, 2]   This court holds, in the Security State Bank v. Bank of Centerville 46 S. D. 440, 193 N. W. 670 (syllabus 1):

"Application for new trial on ground of insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial court, and its discretion will only be reviewed for manifest abuse of discretion."

And (syllabus 2):

"A clearer case is required to authorize a reversal of an order granting a motion for a new trial than is required to reverse an order overruling such motion."

And in Clarke v. Pelter, 46 S. D. 585, 195 N. W. 442:

"* * * Upon considering the presumption that a new trial will result in justice to both parties, while a reversal of the order granting a new trial might not, * * * we cannot say that the trial court abused the discretion committed to it."

The order granting a new trial is affirmed.

CAMPBELL, J., concurs in result.