HUNTLEY, Appellant, v. YOUNGINGER, Respondent.

(220 N. W. 530.)

(File No. 6307.   Opinion filed July 14, 1928.)

*Peck & Wall,* of Sioux Falls, for Appellant.
*Baldwin & Lyons,* of Howard, for Respondent.

POLLEY, J.   This is an appeal from an order granting a new trial. The verdict was returned and filed on the 19th day of October, 1925.  On the 22d day of October the court entered an order, ex parte, staying the issue of execution and all other proceedings in the case except the entry of judgment and the taxing of costs, and extending the time for the service of notice of intention to move for a new trial for a period of 60 days. This extension was granted for the purpose of giving defendant time to procure a transcript and settle the record. The transcript was ordered and paid for, but was not completed within the time fixed by the stay order. On the 21st day of December, 1925, the court reporter made an affidavit stating that because of other work that had to be gotten out before she could make the transcript in this case, she had been unable to complete the transcript and asked for a further extension of 30 days.  Such order of extension was made, but without notice to plaintiff.  On the 21st day of January, 1926, another affidavit was made by the court reporter stating that she had been unable to complete the transcript and asked for a further extension of 15 days.  This extension was granted but without notice to plaintiff.  On the 4th day of February one of the attorneys made an affidavit stating that the transcript had been completed and delivered on the 30th day of January, 1926, but that he had been unable to complete the settled record and prepare his notice of intention to move for a new trial, and asked for a further stay of 10 days.  This extension was granted but without notice to plaintiff.  On the 15th day of February, 1926,

the defendant served his notice of intention on plaintiff's counsel, and thereafter such proceedings were had that on the 6th of May, following, the motion for a new trial was heard by the court and the order granting a new trial was entered. No cause other than as above shown was given for the granting of any of the above extensions, and it is the contention of appellant that because of the delay in giving notice of intention to move for a new trial the court was without jurisdiction to hear the motion or to grant a new trial.

Section 2559, Code 1919, provides that:

"The court or judge, upon good cause shown, may extend the time within which any of the acts required by this and the preceding articles may be done; or may, after the time limited therefor has expired, fix another time within which any of such acts may be done."

This court, throughout its entire existence, has consistently held that the clause, "Upon good cause shown," in this section of the statute means what it says; to give the trial judge power to grant extensions where sufficient reason existed, but not the power to grant them as a matter of course or convenience of counsel. As long ago as McGillycuddy v. Morris, 7 S. D. 592, 65 N. W. 14, this court said:

"The manifest purpose of the Legislature in the adoption of this section was to place the whole matter of giving notice of intention to move for new trials, and the service and settlement of bills of exceptions, within the sound judicial discretion of the trial court, not to its mere arbitrary discretion, as to the time within which the several proceedings may be taken. The adoption of that section has, as it was undoubtedly designed that it should do, wrought a radical change in the power of courts and judges over the subject of the time within which the steps leading to a review of cases should be taken. But, as we have said, the power is not an arbitrary one, but is limited to cases where 'good cause is shown' for the omission to do the act within the proper time. The law makers have prescribed the time within which bills of exceptions, statements, and notice of intention to move for new trials may be served and within what time bills of exceptions must be settled, upon the theory that the time so prescribed would be sufficient in ordinary cases; and in adopting section 5093 [now section

2559, C. 1919] its manifest intention was to prevent a failure of justice, by authorizing the court or judge to enlarge the time, for good cause shown, and to 'fix another. time' in which an act may be done after the time had expired when 'good cause' should be shown therefor. The exercise of the power being dependent upon 'good cause shown,' there must be cause shown excusing the failure to do the act within the prescribed or enlarged time, before the court can legally 'fix another time' for the performance of the act."

. This holding was reannounced in Sorg v. Wells, 31 S. D. 432, 141 N. W. 384; and more recently in Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, and Bank v. Wollman, — S. D. —, 213 N. W. 15. In the latter case we reiterated the holding that necessary delay in procuring the transcript is not cause. for an extension of time to give notice of intention to move for a new trial; that the notice of intention is jurisdictional and a condition precedent to the jurisdiction of the trial court to entertain a motion for new trial.

In this case, the delay in procuring the transcript is the only excuse offered for failure to give notice of intention to move for new trial within the time prescribed by law. This, as we have seen, is an insufficient excuse, and in the absence of a waiver by appellant the court was without jurisdiction to entertain the motion for new trial or to make the order appealed from.

But it is contended by respondent that appellants waived the right to object to the jurisdiction of the trial court to hear and determine the motion. This contention is based upon the following facts: Defendant served his notice of intention on the 15th day of February, but he took no steps to bring on his motion. After waiting until the 21st day of the following April, the plaintiff, in order to have the matter disposed of, served the following notice on counsel for respondent:

"To the Defendant Above Named and to Messrs. Baldwin & Lyons, His Attorneys:

"You will please take notice that the plaintiff will bring the defendant's motion for new trial in the above-entitled action on for hearing before the above-named court and Alva E. Taylor, judge of said court, at the courtroom of said court at the courthouse in the city of Howard, Miner county, S. D., on the 6th day of May, 1926, at the hour of 1:00 o'clock p. m. of said day, and will then

and there oppose the granting of a new trial to said defendant in this action."

'At the time and place mentioned in the said notice plaintiff presented to the court an affidavit setting out a brief history of the proceedings in the case since the entry of the verdict, and then took the position that because of the unexcused delays on the part of the respondent in serving his notice of intention the court had lost jurisdiction to grant a new trial. It was held by this court in Stokes v. Rabenberg, — S. D. —, 215 N. W. 492, that:

"The jurisdiction conferred by a notice of intention timely served is jurisdiction over the person, not over the subject-matter, and can be waived."

This rule is applicable to this case. There is no doubt that because of the unnecessary delay in giving notice of intention the court had lost jurisdiction to entertain the motion, but when plaintiff served the notice above set out he himself invoked the jurisdiction of the court and cannot now be heard to object to the action of the court on jurisdictional grounds.

It has been repeatedly held by this court that the granting of a new trial is vested so largely in the discretion of the trial court that, unless a clear abuse of discretion is shown, an order granting a new trial will not be disturbed by this court. Ede v. Ward et al, 32 S. D. 351, 143 N. W. 269; Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274; Clark v. Pelter, 46 S. D. 595, 196 N. W. 442; Williams v. Rice, 50 S. D. 301, 209 N. W. 958. This is especially true where a new trial is granted on the ground of excessive damage.

The order appealed from is affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur.
CAMPBELL, J., not sitting.