SHANN, Appellant, v. DISBR|O|W| AND ·CO·M·P·ANY, et al, Respondents.

(268 N. W. 700.)

(File No. 7735. Opinion filed August 18, 1936.)

*C. A. Wilson* and *Chas. S. Eastman,* both of Hot Springs, for Appellant.

*George Fredrik Guy,* of Cheyenne, Wyo., and *H. M. Lewis,* of Hot Springs, for Respondents.

WARRE|N, J.   Certain attachment proceedings were instituted by the defendant Disbrow & Co. against the now plaintiff Shann. Levy was made on certain lumber in the Shann L|umber Yard. Later, a motion was made to dissolve the attachment and set aside a portion of the levy.   A portion of the property was released by the court's order, and returned to Shann.   The remainder was held by the sheriff under the attachment, to await the outcome of the original suit.

This action was brought by the plaintiff, as an action on the attachment bond, for loss suffered by the attachment, and, further, on the theory of malicious prosecution.   The case was tried, and at the close of plaintiff's case the defendants separately moved for

directed verdicts, and said motions were denied. Thereafter a verdict was rendered by the jury in favor of the plaintiff, against the surety company and Disbrow & Co., on the bond, in the amount of $750, and against Disbrow & Co. in the amount of $9,000. The plaintiff, after the verdict had been rendered, voluntarily reduced the recovery against the surety company to $300.

After the trial, a motion for a new trial was made by the defendants, which was based upon some sixty-eight separate assignments of error. The two principal grounds that we are concerned with are the insufficiency of the evidence to justify the verdict and that the verdict was against the evidence, and excessive damages appearing to have been given by the jury under the influence of passion and prejudice. The court, upon due consideration of the motion for new trial, entered its order granting such motion for new trial, from which order the plaintiff has appealed.

Among the grounds contained in the order granting the new trial, we will consider grounds 4, 5, and 6, which are as follows:

"4. Insufficiency of evidence to justify or support the verdicts rendered in that there was no sufficient evidence to justify or support the verdicts as to the damages suffered by the plaintiff.

"5. Insufficiency of the evidence to justify or support the verdicts rendered in that it is impossible under the evidence for the jury to determine what damage was caused by the rightful attachment and what damage by the excess attachment.

"6. Excessive damages rendered by the jury indicating prejudice and passion, in that assuming all of plaintiff's evidence to be true and the plaintiff to have suffered the utmost damage testified to, yet the evidence falls far short of showing that plaintiff suffered the amount of damage contained in the verdicts."

It would appear from an examination of the record that the court was fully justified in granting the order upon the foregoing grounds.

This court held in Hackett v. Straw et al, 33 S. D. 17, 144 N. W. 655, that, where a motion for new trial was made and granted upon the insufficiency of the evidence among other grounds, the ruling of the trial court would not be disturbed excepting upon manifest abuse of the discretion vested in the trial court. We feel that we are bound to follow that ruling. In that case we said:

"The testimony relative to the extent of the services rendered by appellant is very conflicting, and one of the grounds upon which the motion for a new trial was based is the insufficiency of the evidence. If the motion was granted on this ground, or this among other grounds, the ruling of the trial court will not be disturbed, except upon manifest abuse of the discretion vested in the trial court."

This court, in an early decision, in Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811, 812, held that, where an application for a new trial was made upon the ground of the insufficiency of the evidence to support the verdict, it was addressed to the sound discretion of the trial judge, and that his discretion would only be reviewed and disturbed in case of manifest abuse of that discretion. In that case we said: "An application for a new trial, upon the ground of the insufficiency of the evidence to support the verdict, is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion. This rule is too well established to need supporting authority. Stewart v. Town of Dunlap [61 Iowa, 248] 16 N. W. 112, was an appeal from an order granting a new trial, and the court said: 'While it is probable that the evidence sufficiently supported the verdict, yet the district court, in the exercise of a sound discretion, was required to determine that question. Such determination will not be disturbed, in the absence of a showing that the court abused its discretion in granting a new trial. No such showing is made in this case. In view of the facts that the district court was more fully and accurately advised upon the evidence than it is possible for us to be, and that the circumstances connected with the case, as the appearance of the plaintiff and of the witnesses of the parties, and their deportment, were within the observation of the district judge, and cannot be known to us, it is impossible for us to say that the new trial was not granted in the intelligent and just exercise of the discretion lodged in the trial court by the law.' Without multiplying authorities, it may be said that this is the general, if not universal, rule, and it may be supplemented with the further suggestion that a stronger case must be made to justify the interposition of the appellate court when a new trial has been granted than when it has been refused."

We have consistently followed that rule in the following decisions: Alt v. Chicago & N. W. Ry. Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 147, 60 N.W. 743; Morrow v. Letcher, 10 S. D. 33, 71 N. W. 139; Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; Thomas v. Fullerton et al, 13 S. D. 199, 83 N. W. 45; Troy Min. Co. v. Thomas, 15 S. D. 238, 88 N. W. 106; Rochford v. Albaugh, 16 S. D. 628, 94 N. W. 701; Jones et al v. Jones et al, 17 S. D. 256, 96 N. W. 88; Clifford v. Latham, 19 S. D. 376, 103 N. W. 642; Dickinson et al v. Hahn, 23 S. D. 65, 119 N. W. 1034; Rex Buggy Co. v. Dinneen, 23 S. D. 474, 122 N. W. 433; Root et al v. Bingham, 26 S. D. 118, 128 N. W. 132; Ede v. Ward et al, 32 S. D. 351, 143 N. W. 269; Hackett v. Straw et al, 33 S. D. 17, 144 N. W. 655; Blewett et al v. Hendry, 37 S. D. 106, 156 N. W. 795; Keith v. Cottam, 40 S. D. 96, 166 N. W. 235; Sayer v. Lee, 41 S. D. 252, 170 N. W. 148; Palmer v. City National Bank, 42 S. D. 204, 173 N. W. 730; Frank v. Ruzicka, 45 S. D. 579, 189 N. W. 515; Clarke v. Pelter, 46 S. D. 595, 195 N. W. 442; Security State Bank v. Bank of Centerville, 46 S. D. 440, 193 N. W. 670; Misel v. Cottonwood Live Stock & Loan Co., 48 S. D. 624, 205 N. W. 663; Caldwell v. Caldwell, 49 S. D. 514, 207 N. W. 461; Williams v. Rice, 50 S. D. 301, 209 N. W. 958; Huntley v. Younginger, 53 S. D. 195, 220 N. W. 530; Corsica State Bank v. Heezen, 54 S. D. 113, 222 N. W. 671; Houck v. Hult et al, 60 S. D. 570, 245 N. W. 469.

In security State Bank of Beresford v. Bank of Centerville, supra, this court commented upon the rule of giving the trial judge latitude and upholding his discretion on account of his immediate connection in observing the witnesses, their demeanor on the witness stand, and his peculiar position to correctly weigh their evidence, and his view in the interests of justice to grant a new trial when the interests of justice would be subserved thereby, and we held that his decision should not be lightly overturned by this court.

Our attention has been called to the rule laid down in the recent decision in Zastrow v. Knight, 61 S. D. 464, 249 N. W. 818, in which the trial court's order granting a new trial was reversed. An examination of the court's order granting a new trial in that case shows that it is distinguishable from the line of un-

broken authorities which we cite above. In the case of Williams v. Chicago & N. W. Ry. Co., 11 S. D. 463, 78 N. W. 949, this court recognized the unbroken rule that we have heretofore quoted, but it will be observed that the facts in that case were entirely of a different nature and character, as they involved the decision on the evidence as to the misconduct on the part of the jury, and, as there was no question of fact involved on the merits of the case, the trial court was not justified in granting a new trial upon the grounds contained in its order.

We believe the court exercised its judicial discretion in the granting of a new trial, and that no abuse of such discretion appears.

The order appealed from is affirmed.

ROBERTS and RUDOLPH, JJ., concur.

CAMPBELL, J., concurs in affirmance.

POLLEY, P. J., dissents.