CITIZEN'S STATE BANK, Appellant, v. CARMODY, Respondent.

(178 N. W. 578.)

(File No. 4647.    Opinion filed July 15, 1920.    Rehearing denied August 25, 1920.)

1.   **Appeals—Conflicting Evidence, Findings Conclusive.**

Where evidence is conflicting, findings are conclusive on appeal.

2.   **Accord and Satisfaction—Acceptance of Mortgaged Property in Payment of Note—Statute.**

Where the payee of a note executed by defendant and another, secured by chattel mortgage on the co-maker's property, which security had been placed in defendant's care, accepted, through defendant, the chattel security under an agreement that payee might sell same without expense or formality of foreclosure, in consideration whereof payee would accept the proceeds in full payment of the note, the transaction was an accord and satisfaction, under Secs. 784-787, Code 1919.

3.   **Same—Acceptance of Mortgaged Property as "Consideration of Accord," As Satisfaction.**

Held, further, that the taking of possession of the mortgaged property by payee was an "acceptance by the creditor of the consideration of an accord," under Sec. 786, Code 1919, and amounted to satisfaction of the note thus secured.

4.   **Statute of Frauds—Verbal Accord and Satisfaction—Delivery of Security in Satisfaction of Debt, As Executed Contract—Statute.**

When mortgaged property is delivered to payee of a note secured by it, under an agreement to accept proceeds of same in full payment of the note, the contract became executed, and no

writing was necessary as required by Sec. 787, Code 1919, providing that part performance of an obligation, when expressly accepted by a creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without new consideration, extinguishes the obligation.

Appeal from Circuit Court, Douglas County. HON. ROBERT B. TRIPP, Judge.

Action by Citizen's State Bank, a corporation, against M. L. Carmody, to recover a balance on a promissory note. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Affirmed.

*S. K. Grigsby* and *E. P. Wanzer,* for Appellant.

*Walker & Gurley,* for Respondent.

(1) To point one of the opinion, Appellant cited: Eggland v. South, 22 S. D. 467; Enry v. Sauer, 83 Atl. 205, Ann. Cases 1913 C. 1241.

POLLEY, J. Action to recover a balance on a promissory note. The note was executed by respondent and one Sheil Carmody. It was secured by a chattel mortgage on certain live stock belonging to Sheil Carmody. The note and mortgage are dated June 8, 1918. Shortly after that date, Sheil Carmody placed the stock in respondent's care and joined the United States army. On the 16th day of September following respondent turned said live stock over to plaintiff, who sold the same, and, after paying some expense bills that had been incurred for the care of the stock, applied the balance on the note. There was a deficiency, and plaintiff sued respondent alone for the recovery thereof.

[1] As a defense to the action, defendant alleged that on the 5th day of September plaintiff and defendant entered into an agreement to the effect that defendant would deliver the mortgaged stock to plaintiff and permit plaintiff to sell the same without the expense or formality of a foreclosure of the mortgage, and that in consideration thereof plaintiff would accept the proceeds of such sale after paying certain specified items of expense, in full payment of the amount due on the note, and would cancel and surrender the same to the defendant; in other words that plaintiff agreed to accept the mortgaged property in payment of the debt. In response to an interrogatory, submitted by

the court, the jury returned a special verdict in favor of the defendant. The evidence was conflicting; therefore the findings of the jury are conclusive upon the court, and the only question to be determined is whether the facts alleged by the defendant and found by the jury are sufficient in law to constitute a defense.

[2]  This transaction, as set out in the answer, constitutes an accord and satisfaction as provided by section 784-787, Code 1919. But it is contended by defendant that the agreement set out in defendant's answer is not binding upon it because it is not shown that such agreement was in writing. Section 784 reads as follows:

"An accord is an agreement to accept, in extinction of an obligation, something different from that to which the person agreeing to accept is entitled."

"Sec. 786. Acceptance by the creditor, of the consideration of an accord, extinguishes the obligation and is called satisfaction."

[3]  That the agreement alleged in the answer was entered into by plaintiff and defendant is settled by the special verdict of the jury, and the taking of possession of the mortgaged property by the plaintiff was an "acceptance by the creditor of the consideration of an accord," as provided by section 786, and amounted to a satisfaction of the claim. Mining Co. v. Thomas, 15 S. D. 238, 88 N. W. 106.

[4]  When the mortgaged property was delivered to the plaintiff under the terms of the agreement, the contract became fully executed and no writing was necessary as required by the provisions of section 787. This disposes of the case, and it is not necessary to consider the matters presented by other assignments.

The judgment and order appealed from are affirmed.